**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Johnnie HARDEN, Jr., Defendant-
Appellant.**

**Nos. 72-1531, 72-1532
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 1972.

Seymour L. Honig, Tampa, Fla. (Court Appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., William M. James, Jr., Claude H. Tison, Jr., Asst. U. S. Attys., Tampa, Fla., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

The appellant Harden was originally charged in a four-count indictment with uttering forged treasury checks in violation of 18 U.S.C. § 495. Count 1 of the original indictment was later dismissed on motion of the United States because of the return of a superseding indictment which charged the defendant as an aider and abettor in connection with the uttering of the check originally described in count 1. The two indictments were consolidated for trial and the defendant was found guilty by a jury under count 1 of the superseding indictment and the remaining 3 counts of the original indictment.

On this appeal Harden contends that the trial court erred in the following rulings: (1) permitting a witness to testify that she had identified him from a photograph in the government's possession; (2) allowing a United States Treasury agent to testify that he had provided another witness with photographs from which Harden was identified; (3) permitting a witness to testify that she had cashed approximately 40 government checks for Harden; (4) admitting into evidence three cashed government checks; (5) denying his motions for a directed verdict of acquittal and a new trial; and (6) refusing to grant his motion for a mistrial based on an alleged improper argument by the prosecutor. We find no merit in any of these contentions and affirm.

* Rule 18, 5th. Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Except for the claim relating to the alleged improper argument, Harden's contentions relate chiefly to the admissibility and the sufficiency of the evidence. Having closely examined the record, we are impressed with the care exercised by the trial court in dealing with the evidentiary issues as they arose. Furthermore, we think it doubtful that the prosecutor's argument was objectionable; but even if it were, any possible harm resulting therefrom was amply corrected by instructions from the court. On the whole, the evidence of Harden's guilt is clear, convincing and unequivocal. Rarely, if ever, is a hotly contested adversary proceeding conducted perfectly, but in our judgment appellant received a fair trial in this case. Lutwak v. United States, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593 (1952); Samuels v. United States, 398 F.2d 964, 971 (5th Cir. 1968); Steele v. United States, 243 F.2d 712, 715 (5th Cir. 1957).

Affirmed.