**James T. CAVER, Petitioner-Appellant,**

v.

**STATE OF ALABAMA,
Respondent-Appellee.**

No. 74–3232.

United States Court of Appeals,
Fifth Circuit.

April 10, 1975.

Richard H. Gill, Montgomery, Ala. (Court-appointed), for petitioner-appellant.

William J. Baxley, Atty. Gen., David W. Clark, Asst. Atty. Gen., Charles N. Parnell, III, Montgomery, Ala., for respondent-appellee.

Before BROWN, Chief Judge, and GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

In this habeas corpus proceeding the federal trial court resolved contested issues of fact, which control the disposition of the constitutional questions raised, without a hearing and without having before it a copy of the state court trial record or other reliable and adequate written indicia to permit a proper determination of the merits of such disputed issues. The order denying the application for habeas corpus relief must be vacated and the cause remanded for compliance with the mandate of 28 U.S.C. § 2254(d).

James Caver is now imprisoned pursuant to a conviction of second degree murder from Calhoun County, Alabama on February 17, 1969. He took no direct appeal, but on October 13, 1971 Caver applied to the convicting court for a Writ of Error Coram Nobis. After hearing, that writ was denied on procedural grounds. This denial was affirmed on appeal. Still later, Caver sought federal habeas corpus relief in the instant proceedings by a petition that raised two questions: (1) whether his arrest for vagrancy was pretextural, so as to make evidence subsequently obtained through a stationhouse voice identification procedure illegal and inadmissible; (2) whether he was subjected to a counselless lineup which was unnecessarily suggestive and led to irreparable misidentification. In response to the usual show cause order, the State of Alabama denied the factual basis for Caver's claims. The matter was referred to the U.S. Magistrate, who directed the state to file an additional response consisting of, "at a minimum", a copy of the transcript of the *coram nobis* proceedings, and a copy

of the transcript on the direct appeal of a jointly tried co-defendant, Jerry White. The state filed the *coram nobis* transcript but did not file the trial transcript. Caver thereupon moved to strike the state's supplemental filing for failure to include the required trial transcript.

Without comment on the lack of compliance or the motion to strike, the U.S. Magistrate filed a five-page "recommendation" which dealt in detail with petitioner's arrest, identification, trial, and conviction, and recommended the denial of the writ of habeas corpus "on the basis of a full, fair and adequate state court record." On the same day this recommendation was made and filed, the U.S. District Judge denied the petition for habeas corpus relief without prior notice to Caver and without an evidentiary hearing.[1]

An examination of the *coram nobis* proceedings indicates that at the conclusion thereof the state circuit judge concluded that Caver's claim of a prejudicial line-up was not a proper subject for coram nobis relief since the contention had been raised by a pre-trial motion and had been fully discussed in the evidence before the jury at trial. The coram nobis judge also refused to reach the issue of validity of Caver's vagrancy arrest on the basis that the issue should be held until Caver sought and obtained a new trial.

■ The federal district judge erred in denying an evidentiary hearing in this proceeding to permit proper factual development of the contentions raised since they were grounds upon which the petition for habeas corpus was dismissed. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *see also* Gerzin v. Beto, 459 F.2d 671 (5 Cir. 1972). Alabama urges that the pretextural arrest question in this case is controlled by our decision in United States v. Seay, 432 F.2d 395 (5 Cir. 1970). It is not. The factual basis for the vagrancy arrest of the suspected counterfeiters in *Seay*

was completely documented and developed at trial. The controlling issue in the present appeal is that no such opportunity for documentation and development has been afforded Caver, as required by statute.

■ On oral argument of this case in this court, counsel for the State of Alabama represents that the transcript of the joint trial of Caver and White, which was reproduced in White v. Alabama, 48 Ala.App. 334, 264 So.2d 565 (1972), is available and that its non-production at the magistrate's direction here was due to the expense involved in recopying from a bound volume. At a minimum, this documentation must be obtained for the conduct of the proceedings on remand. Our vacation and remand of this order is without prejudice to the right of the district court to consider whether all or any part of the contentions raised by Caver have been exhausted in the courts of the State of Alabama. By this reservation, as by our remand, we intimate no view whatsoever upon the merits of any part of this cause.

Vacated and remanded.

---

1. Both the magistrate's recommendation and the court's denial order state that they are predicated upon a traverse filed by petitioner, but no such document appears in the list of docket entries or in the record forwarded in the appeal of this case.