Larry William **FRY,**
**Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.**

No. 74–4253.

United States Court of Appeals, Fifth Circuit.

Feb. 19, 1976.

---

Mark S. Ward, Weldon, Tex., Staff Counsel for Inmates, George A. Scharmen, II, Staff Counsel for Inmates, Huntsville, Tex., for petitioner-appellant.

Merrill Finnell, John P. Griffin, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, Chief Judge, RIVES and GEE, Circuit Judges.

RIVES, Circuit Judge:

This appeal is from the district court's denial of a state prisoner's petition for habeas corpus. The only issue presented is whether, under the circumstances, the warrantless search of petitioner's automobile was reasonable.

The reasonableness *vel non* of this same search has been ably discussed by several of the Judges of the Court of Criminal Appeals of Texas on Fry's appeal from the judgment of conviction. *Fry v. Texas,* 1972, 493 S.W.2d 758–777. On original hearing, the search was held unreasonable, the judgment reversed, and the case remanded. The State's first motion for rehearing was denied, one judge dissenting. The State's second motion for rehearing was granted and

the judgment of conviction was affirmed, two judges dissenting. The conviction was for burglary, and the state trial court sentenced Fry to a term of imprisonment for twelve years.

The evidence admitted in the criminal trial over Fry's objection and motion to suppress included, among other items, a "Citizens Band Radio" taken in a burglary at Marble Falls, Texas, and some seventeen rings stolen in another burglary a short time thereafter. The second burglary was of the Green Leaf Leaf Nursery in Austin, Texas, on January 17, 1970.

City Marshal J. A. Presley of Marble Falls, investigating the burglary in that town, received information on January 24, 1970 from one Johnny Yonnie that Fry had been staying in Yonnie's house, and had shown Yonnie some of the "loot" from the two burglaries, which included the radio and some rings, and that the "loot" had been placed in the back of Fry's brown Corvair automobile which bore California tags. Yonnie also informed Presley that Fry was contemplating sometime "soon" a burglary of Kuykendale's Drug Store in Burnet, Texas. There was no showing that Marshal Presley had in the past relied on information from Yonnie nor was there any showing that the information then furnished by Yonnie was credible, other than that, judging from their acquaintance during the short time that Yonnie had lived in Marble Falls, Presley considered him trustworthy.

Presley promptly, *i. e.,* at about 2:00 P.M. on January 24, relayed to Marshal Shelburn of Burnet, Texas, the information furnished by Yonnie. That information was probably not sufficient, unless and until corroborated, for either marshal to obtain an arrest warrant or a search warrant from a magistrate; and no effort was made to obtain a warrant.

At about 1:30 A.M. on January 25, 1970, Marshal Shelburn, while on patrol in Burnet, observed an automobile fitting the description, parked in the alley behind the drug store. He knew that the automobile had not been there at his

previous patrol about fifteen minutes earlier. Marshal Shelburn called his deputy, the Highway Patrol, and Marshal Presley to the scene. The exits of the alley were blocked by the cars of Marshal Shelburn and his deputy, and a constant surveillance was kept until all the officers arrived at about 1:50 A.M. Marshal Shelburn then approached the vehicle and found Fry lying in the back seat covered or partly covered by a blanket. Fry was ordered out of the car, placed under arrest, and charged with violating a Texas statute which was then Article 14.03 Vernon's Ann.Code of Criminal Procedure.

In our assessment of the facts and application of established principles of the law of search and seizure, we agree with the following part of the opinion of Presiding Judge Onion of the Texas Court of Criminal Appeals:

"A search incident to a valid arrest pursuant to Article 14.03, supra, ensued. Such a search revealed a mounting bracket for a radio such as one being sought. A ring or rings were also found as a result of such incidental search. At this point of interception, every fact related by the informer, except the presence of the stolen merchandise described, was verified. Cf., e. g., Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Rangel v. State, 444 S.W.2d 924 (Tex.Cr.App.1969); Almendarez v. State, 460 S.W.2d 921 (Tex.Cr.App.1970). The officers certainly had cause to believe that evidence of crime was concealed in the automobile.

"At this juncture, if not before, the officers obviously had probable cause to search the vehicle for all of the stolen property, independent of the search incidental to arrest, provided they were not required by law to first secure a search warrant under the circumstances.

"If the officers had left the car unattended on the public street or alley, it could have been easily moved out of the locality or jurisdiction by a friend, relative, confederate, or even by the appellant himself if he had secured his release on bail prior to the time the officers could have executed a written affidavit and contacted a magistrate. It should be remembered that the incident in question occurred at approximately 1:50 a. m. Clearly, exigent circumstances were presented which would have justified the warrantless search, there being probable cause to search.

"If the car had been placed under guard or removed and impounded at the police station until a search warrant had been procured, then this intrusion would have been just as great as the warrantless search of the car trunk in the alley."
493 S.W.2d 770–771.

The search of Fry's person and of the interior of his car did not extend beyond the limits indicated in *Chimel v. California*, 1969, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685. The warrantless search of the car trunk was justified by the principles announced in *Chambers v. Maroney*, 1970, 399 U.S. 42, at 50–52, 90 S.Ct. 1975, 26 L.Ed.2d 419, and followed by this Circuit in *United States v. Soriano*, 1974, 497 F.2d 147. The present case is closer to *Chambers v. Maroney* than to *Coolidge v. New Hampshire*, 1971, 403 U.S. 443, at 460–464, 91 S.Ct. 2022, 29 L.Ed.2d 564, and we have not failed to observe the warning that "The word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears," 403 U.S. at 461, 462, 91 S.Ct. at 2035. The judgment is
Affirmed.

JOHN R. BROWN, Chief Judge (specially concurring):

I concur in the result and all of the opinion for the Court by Judge Rives. I think on the basis of the record, the careful treatment given the case by the Texas Court of Criminal Appeals whose opinion we quote and embrace, there was no real merit to this cause and it should have been summarily affirmed without placing the case on the calendar for oral argument.