Joe Nathan JACKSON,
Petitioner-Appellant,

v.

STATE OF ALABAMA,
Respondent-Appellee.

No. 76–1635
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 8, 1976.

Myron K. Allenstein, Gadsden, Ala., for petitioner-appellant.

William J. Baxley, Atty. Gen., Jack A. Blumenfeld, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

The petition for appointment of counsel in this habeas corpus appeal is denied.

Appellant, represented by court-appointed counsel, was convicted by a jury in state court of robbery. He was sentenced to forty years imprisonment. The conviction was affirmed, *Jackson v. State*, 1975, 55 Ala.App. 334, 315 So.2d 131, cert. denied 1975, 294 Ala. 760, 315 So.2d 136, cert. denied, 1975, 423 U.S. 898, 96 S.Ct. 898, 46 L.Ed.2d 132.

In his habeas petition filed below, appellant raised issues presented on direct ap-

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

peal. He contended that the court erroneously admitted evidence taken in an illegal search and seizure, alleging that he was a passenger in an auto stopped by police, he was arrested for disorderly conduct, and the car was taken to the police station where a search revealed a large sum of money which was introduced at the trial. Appellant also contended that there was a total lack of evidence for conviction. The District Court found that the search was reasonable and that there was evidence to support the conviction. Relief was denied and a certificate of probable cause granted.

The record includes a copy of the state trial transcript. The victim was knocked to the ground as she was entering a hospital and her purse containing over $3,000 was taken. The victim and an eyewitness testified that they were unable to identify the Negro male who perpetrated the offense. The eyewitness testified that she saw the man get into a waiting car. A police investigator, McDowell, testified that he arrived at the hospital on an unofficial visit; as he parked his car he saw a car stopped in the parking lot, but not parked in a regular space; as he walked across the parking lot, the car went slowly by him; he saw three occupants, but only saw one passenger clearly; the car turned into another area of the lot; because of the unusual manner the car was driven, McDowell noted the car's make and license number; as he left the hospital about thirty minutes later he heard of the mugging; he radioed in the car's identification for a license check. Another officer, Hoskins, testified that he heard the report on the car, saw it, and as he followed it the car accelerated to a reckless speed; he gave chase until the car came to a stop in a private driveway; as the driver got out, he arrested him for reckless driving; the passenger, appellant, began to shout, using loud and abusive language; he was arrested for disorderly conduct; because the car was in a private driveway not belonging to the car's occupants and because a large crowd had gathered, the officer had the car towed to police headquarters, where an inventory search was conducted; almost $2,000 was found. McDowell identified the car as the one he saw in the lot and appellant as the passenger he saw clearly. The third occupant of the car was not found.

■ There was probable cause to make the arrests for reckless driving and disorderly conduct. The arrests being valid, the police, under the circumstances, were justified in having the car removed to headquarters and conducting an inventory search, *Chambers v. Maroney*, 1970, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; *Fry v. Estelle*, 5 Cir., 1976, 527 F.2d 420; *United States v. Ducker*, 5 Cir., 1974, 491 F.2d 1190.

■ The alleged total lack of evidence to support the conviction is without merit. Appellant was found to have the stolen money in his possession and was seen in the hospital parking lot at the time of the offense. Since there is some evidence against him, this Court will not inquire into the sufficiency of that evidence, *Jenkins v. Wainwright*, 5 Cir., 1973, 488 F.2d 136, cert. denied 417 U.S. 917, 94 S.Ct. 2620, 41 L.Ed.2d 222; *Hopkins v. Wainwright*, 5 Cir., 1972, 458 F.2d 393; *Summerville v. Cook*, 5 Cir., 1971, 438 F.2d 1196, cert. denied 403 U.S. 908, 91 S.Ct. 2216, 29 L.Ed.2d 685.

The judgment of the District Court, denying habeas corpus relief, is

AFFIRMED.