**Jerry WHITE, Petitioner-Appellant,**

v.

**STATE OF ALABAMA, Respondent-Appellee.**

**No. 76–1413 Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Nov. 4, 1976.

---

5. *Wood, supra.*

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Richard H. Gill, Montgomery, Ala. (Court-appointed), for petitioner-appellant.

William J. Baxley, Atty. Gen., C. Lawson Little, Montgomery, Ala., for respondent-appellee.

Before WISDOM, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

Jerry White, an Alabama prisoner convicted of second degree murder, appeals from the district court's denial of his petition for habeas corpus relief. He alleges two bases for redress: (1) he was subjected to an impermissibly suggestive line-up in the absence of counsel; and (2) his initial arrest for vagrancy was pretextural, so that voice identification evidence obtained from a line-up held while he was in the unlawful custody of the police was inadmissible. On the basis of our decision in *Caver v. State of Alabama*, 5 Cir. 1976, 537 F.2d 1333, a companion case to this appeal, we affirm in part and vacate and remand in part.

In *Caver*, White's co-defendant raised both of the contentions that White asserts here. We rejected his challenge to the line-up, noting that "[w]hile the procedures used at this line-up are subject to criticism, we are convinced that no miscarriage of justice occurred in this case". 537 F.2d at 1335. Because the same line-up is involved, that result holds here as well.

With respect to Caver's Fourth Amendment claim, we concluded that the Supreme Court's recent decision in *Stone v. Powell*, 1976, —— U.S. ——, 96 S.Ct. 3037, 49 L.Ed.2d 1067, would bar such a collateral attack on his conviction unless he could show "that the state failed to provide him with an opportunity for full and fair litigation of his claim". 537 F.2d at 1336. We vacated the dismissal of Caver's petition and remanded the case for further proceedings in order to afford him "a chance to be heard upon the legal standard announced in *Stone v. Powell*", 537 F.2d at 1336. A similar disposition is warranted here, especially in light of the district court's failure to rule on, or even advert to, White's contention that his arrest for vagrancy was pretextural and was illegally used to subject him to the line-up in which the voice identifications were made.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.