Manuel TALAVERA, Plaintiff-Appellant,

v.

Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, State of Florida, Defendant-Appellee.

No. 76-3595

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 2, 1977.

Rehearing Denied April 6, 1977.

Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, Fla., Robert L. Shevin, Atty. Gen. of Fla., Tallahassee, Fla., for defendant-appellee.

Before GODBOLD, HILL and FAY, Circuit Judges.

PER CURIAM:

On April 14, 1976, Manuel Talavera, a Florida state prisoner, filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Florida. Petitioner was convicted in the Circuit Court of the Seventeenth Judicial Circuit and sentenced to a prison term of 120 years. His convictions were affirmed on direct appeal. *Talavera v. State*, 314 So.2d 22 (Fla.App.1975). The district court in an exhaustive opinion dismissed the petition. We vacate and remand the case for further proceedings.

Petitioner was convicted in state court of robbery and three (3) counts of false imprisonment. He contends that there was a total lack of competent evidence to sustain his convictions. However, a fingerprint found on the handcuffs used on two of the hostages was identified as that of the petitioner. Several witnesses testified that one of the robbers was wearing a grey suit. A forensic chemist found that the fibers in petitioner's "cut-off" grey pants matched the fibers in a certain grey suit-jacket which was found in the vicinity where the getaway car was abandoned. Finally, while petitioner presented one Jerry Helms who testified that he and an unnamed accom-

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

plice had committed the robbery and *not* petitioner, Helms spoke with a Southern accent. The hostages testified that neither of the perpetrators had a Southern accent. Moreover, a government rebuttal witness testified that on the day that Helms had initially confessed to the crime, he had seen Helms and petitioner conversing for 30 to 45 minutes.

■ Matters concerning the sufficiency of the evidence are not cognizable on federal habeas corpus unless the record indicates that a state prisoner was denied due process of law. *Colbroth v. Wainwright*, 466 F.2d 1193, 1194 (5th Cir. 1972). However, the issue of the sufficiency of the evidence does not present a due process question where there is conflicting testimony supporting a state conviction. *Jenkins v. Wainwright*, 488 F.2d 136, 137 (5th Cir. 1973), *cert. denied*, 417 U.S. 917, 94 S.Ct. 2620, 41 L.Ed.2d 222 (1974). Since there is some evidence in this case against petitioner, there is no sufficiency of the evidence problem rising to constitutional proportions for habeas corpus relief. *Dreske v. Holt*, 536 F.2d 105 (5th Cir. 1976); *Jackson v. State of Alabama*, 534 F.2d 1136 (5th Cir. 1976).

Petitioner next challenges a search of his rental automobile as violative of his Fourth Amendment rights. In *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) the United States Supreme Court held "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482, 96 S.Ct. at 3046. This decision of the Supreme Court was rendered subsequent to the time that the district court in the instant case considered the merits of petitioner's claim. This case presents the question of the proper disposition of Fourth Amendment claims on the appellate level in light of this Supreme Court decision.

■ This court appears to have embarked upon two courses of conduct. In some cases we have undertaken on appeal to review the record to determine whether the state has provided an opportunity for full and fair litigation of the Fourth Amendment claim. *See e. g. Stinson v. State of Alabama*, 545 F.2d 485 (5th Cir. 1977); *Flood v. State of Louisiana*, 545 F.2d 460 (5th Cir. 1977); *George v. Blackwell*, 537 F.2d 833 (5th Cir. 1976). In other cases we have vacated the decision of the district court and remanded so that the trial court might determine this issue in the first instance. *See e. g. White v. State of Alabama*, 541 F.2d 1092 (5th Cir. 1976); *Caver v. State of Alabama*, 537 F.2d 1333 (5th Cir. 1976). The differing courses of action appear to depend upon the circumstances and state of the record in each case.

Thus, in the first line of cases the record appears to have been sufficiently clear so as to make the issue as to whether or not the state court had provided an opportunity for full and fair litigation of Fourth Amendment claims certain beyond peradventure. A remand under these circumstances would be a futile gesture and expensive in terms of judicial economy. In the second line of cases the record appears not to have been so clear. Under these circumstances, the appropriate appellate response is to remand the case to the district court in order to allow the parties "a chance to be heard upon the legal standard announced in *Stone v. Powell.*" *Caver v. State of Alabama*, *supra* at 1336.

In the case *sub judice* the district court apparently based its conclusions with regard to the petitioner's Fourth Amendment claim upon a review of the trial transcript. However, there were two preliminary hearings which focused on the Fourth Amendment issue that were not before the district court. In addition, of course, petitioner did not address himself to the sufficiency of the state court proceedings in his habeas petition. Under these circumstances we conclude that the case should be remanded so that the parties might address the question of opportunity for full and fair litigation of the Fourth Amendment claim before the district court, and that court may be afford-

ed the opportunity of determining that question.

VACATED AND REMANDED.