Jordan W. ANDERSON and Clyde W. Anderson, Petitioners-Appellants,

v.

Ross MAGGIO, Acting Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 76–2750.

United States Court of Appeals, Fifth Circuit.

July 5, 1977.

Alexander Wall, Sr., Baton Rouge, La. (Court-appointed), for petitioners-appellants.

David M. Miller, Ralph L. Roy, Asst. Dist. Attys., William J. Guste, Jr., Atty. Gen., Baton Rouge, La., for respondent-appellee.

Before MORGAN and FAY, Circuit Judges, and HUNTER, District Judge.*

LEWIS R. MORGAN, Circuit Judge:

Brothers Jordan and Clyde Anderson were convicted of armed robbery by a jury sitting in the state judicial district court at Baton Rouge. Upon exhaustion of state remedies,[1] the Andersons sought habeas corpus relief, pursuant to 28 U.S.C. § 2254, in the United States District Court of the Middle District of Louisiana. Without conducting an evidentiary hearing, the district court denied the Andersons' petition. Petitioners appeal that denial, urging several points of error that allegedly invalidate their state convictions and render their subsequent confinement unconstitutional.

I. *Use of Photographs at Trial and Testimony on Pre-Trial Identification*

■ Petitioners argue that the state trial court violated the constitutional standards articulated in *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) when it allowed the prosecution to question state witnesses about their pre-trial identifications of the defendants and to use photographs of the defendants to bolster that testimony. That is, in addition to asking witnesses to the robbery whether they could identify the defendants as the two robbers, the prosecution also questioned three witnesses about their pre-trial identification of the defendants, inquiring whether a certain photograph was the photograph identified by the witness in his or her pre-trial identification.[2] Although appellants

---

* Senior District Judge of the Western District of Louisiana sitting by designation.

1. Upon appeal, the Louisiana Supreme Court affirmed petitioners' conviction on February 25, 1972. *State of Louisiana v. Anderson*, 261 La. 244, 259 So.2d 310 (1972). The United States Supreme Court denied certiorari on December 4, 1972. Alleging newly discovered evidence—the recantation by the state's chief witness of his testimony against defendants—petitioners pursued state habeas corpus remedies. Without conducting an evidentiary hearing, the state district court denied relief on August 6, 1974 and the Louisiana Supreme Court affirmed on October 18, 1974.

2. The exact form of questioning differed with each witness. Thus, Melinda Moore testified at trial that defendant Jordan Anderson held the gun on the store's proprietor and that she had identified Jordan at a line-up. She also identified a photograph of Jordan Anderson as that of the man that she had identified at the line-up. Donald Madison, who testified that he saw Jordan and Clyde standing in front of the store shortly before the robbery, identified them in the courtroom and testified that he had identified Jordan at a pre-trial line-up and that he had picked out Clyde's picture from a photographic spread. Madison then affirmed that the picture of Clyde shown to him at trial by the prosecution was the picture that he had identified a few days after the robbery. Finally, at trial, James Oliver, a witness to the robbery, identified a man sitting in the courtroom, not one of the defendants, as one of the robbers. The prosecutor then showed him a picture of Clyde Anderson that Oliver affirmed was a photograph that he had picked out from a photographic spread as a photograph of one of the robbers. On cross-examination, Oliver testified that, notwithstanding his pre-trial identification, he now was unable to identify the robber.

contend that questioning at trial about a witness' pre-trial identification of a defendant is improper, relevant case law indicates that such inquiry is not only constitutional, but also would have comported with federal standards had the trial been held in federal court. *See Fed.R.Evid.* 801(d)(1)(C).[3] *See also United States v. Keller,* 512 F.2d 182 (3rd Cir. 1975); *Virgin Islands v. Petersen,* 507 F.2d 898 (3rd Cir. 1975); *United States v. Harden,* 469 F.2d 65 (5th Cir. 1972). *United States v. Hallman,* 142 U.S.App.D.C. 93, 439 F.2d 603 (1971); *Clemons v. United States,* 133 U.S.App.D.C. 27, 408 F.2d 1230 (1968). In *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), the Supreme Court discussed the propriety of such questioning as presenting a hearsay, rather than constitutional, question and noted:

> There is a split among the States concerning the admissibility of prior extrajudicial identifications, as independent evidence of identity. . . . It has been held that the prior identification is hearsay, and, when admitted through the testimony of the identifier, is merely a prior consistent statement. The recent trend, however, is to admit the prior identification . . . . In *People v. Gould,* 54 Cal.2d 621, 626, 7 Cal.Rptr. 273, 275, 354 P.2d 865, 867, the Court said: . . . '[E]vidence of an extrajudicial identification is admitted regardless of whether the testimonial identification is impeached, because the earlier identification has greater probative value than an

identification made in the courtroom after the suggestions of others and the circumstances of the trial may have intervened to create a fancied recognition in the witness' mind. . . .'.

388 U.S. at 272 n.3, 87 S.Ct. at 1956 n.3 (omissions within quote from *Gould* are ours).

Likewise, permitting a witness to testify that he has previously identified a photograph of the defendant as the robber logically includes allowing that witness to identify at trial the particular photograph seen by him during the pre-trial investigation. *See Virgin Islands v. Petersen,* 507 F.2d 898 (3rd Cir. 1975). Citing *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), petitioners argue that showing witnesses photographs at trial to verify as those identified by them shortly after the robbery was unduly suggestive and tainted their in-court identification. Yet, *Simmons* and progeny deal with impermissibly suggestive *pre-trial*[4] identification procedures that create a danger that witnesses will identify a person because of the vivid impression created by his picture, not because that person was observed committing the crime in question. *Simmons,* however, does not address the present situation in which a witness who has previously identified a photo at an *unsuggestive*[5] pre-trial proceeding affirms his prior identification of that photo at trial.

---

**3.** Rule 801(d)(1)(C) provides that:
 A statement is not hearsay if—(1) . . . the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (c) one of identification of a person made after perceiving him . . . .

**4.** See, e. g., *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *United States v. Gidley,* 527 F.2d 1345 (5th Cir. 1976); *United States v. Eatherton,* 519 F.2d 603 (1st Cir. 1975); *United States v. Messina,* 507 F.2d 73 (2nd Cir. 1974), *cert. denied* 420 U.S. 993, 95 S.Ct. 1433, 43 L.Ed.2d 676 (1975); *Rudd v. Florida,* 477 F.2d 805 (5th Cir. 1973); *United States v. Dorsey,* 462 F.2d 361, *cert. denied* 409 U.S. 870, 93 S.Ct. 197, 34 L.Ed.2d 120 (3rd Cir. 1970).

**5.** The only allegation that petitioners make implying some impropriety in the pre-trial identification procedures is Clyde Anderson's claim that witnesses were shown a photographic spread including a photograph of him outside the presence of his counsel. Yet, several circuits, including this one, have held that the Sixth Amendment does not require an attorney to be present at such a proceeding. *See United States v. Gidley,* 527 F.2d 1345 (5th Cir. 1976); *United States v. Poole,* 161 U.S.App.D.C. 289, 495 F.2d 115 (1974), *cert. denied,* 422 U.S. 1048, 95 S.Ct. 2667, 45 L.Ed.2d 701; *United States v. Johnson,* 467 F.2d 630 (2nd Cir. 1972), *cert. denied, White v. United States,* 410 U.S. 932, 93 S.Ct. 1382, 35 L.Ed.2d 595; *United States v. Fowler,* 439 F.2d 133 (9th Cir. 1971).

## II. *Admission of Gun Into Evidence*

 Appellants also argue that Melinda Moore's testimony was not, under Louisiana law, a sufficient basis upon which to admit the gun into evidence.[6] Yet, the mere violation of evidentiary rules by the state trial court does not in itself invoke habeas corpus relief, but only where the violation of the state's evidentiary rules results in a denial of fundamental fairness should habeas be granted. *Woods v. Estelle*, 547 F.2d 269 (5th Cir. 1977). As a guideline to applying the criterion of fundamental fairness, the erroneous admission of prejudicial evidence can justify habeas corpus relief only if it is "material in the sense of a crucial, critical, highly significant factor." *Hills v. Henderson*, 529 F.2d 397 (5th Cir. 1976), quoting *Corpus v. Beto*, 469 F.2d 953 (5th Cir. 1972), *cert. denied* 414 U.S. 932, 94 S.Ct. 236, 38 L.Ed.2d 162. Whether the trial court violated Louisiana law or acted imprudently under federal standards of evidence in admitting the gun solely on the testimony of Melinda Moore, the admission of the gun into evidence did not constitute a violation of due process and, thus, does not justify federal habeas corpus relief.

## III. *Newly Discovered Evidence*

 Petitioners further allege that the district court's denial of their petition, without holding an evidentiary hearing, was improper in light of their allegations [7] of newly discovered evidence—in particular, state witness Madison's affidavit recanting his trial testimony.[8] In their appellate brief,[9] petitioners also include an affidavit from a Johnny Rogers, a fellow inmate of the Andersons', in which Rogers confesses to the crime and exculpates petitioners. Yet, in *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the definitive opinion on the standards for determining when an evidentiary hearing should be held to examine allegations contained in a habeas corpus petition, the Supreme Court stated that "the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on habeas corpus." 372 U.S. at 317, 83 S.Ct. at 759. Similarly, in *Shaver v. Ellis*, 255 F.2d 509 (5th Cir. 1958), this court held:

> Questions of guilt or innocence are not matters to be considered upon petition for habeas corpus. . . . Newly discovered evidence in the form of a confession by another does not render the conviction void and subject to collateral attack by habeas corpus because it goes to the merits of the conviction, not to its legality . . . [T]he confession 'might be urged as the proper subject for executive clemency, but it affords no basis for judicial action.'

255 F.2d at 511 (citation omitted). Thus, neither Madison's recantation nor Rogers' confession is sufficient to require habeas relief.

---

6. Melinda Moore, an eleven year old girl, testified that a gun shown to her at trial—the same gun taken from Jordan Anderson at the time of his arrest—was the gun held by one of the robbers of the Ragusa grocery store. Melinda's credibility was damaged on this point by other witnesses' testimony that this did not appear to be the gun used by the robbers and by her admission that she had seen the gun for just an instant and that the prosecution had shown her only this gun before trial.

7. In addition to the affidavits executed by Donald Madison and Johnny Rogers, discussed at text *infra*, petitioners' other allegations of newly discovered evidence involve only hearsay assertions and alibi evidence that is merely cumulative of other alibi testimony introduced by the defense at trial. These affidavits do not merit discussion.

8. Madison, who testified at trial that Jordan and Clyde Anderson were standing in front of the grocery store immediately prior to the robbery, states in his affidavit that he has had occasion to view a photograph of a man named "Wright" and has noticed a striking physical resemblance in the appearance of Clyde Anderson and Wright. Accordingly, the affidavit continues, he "is now convinced that he made an honest error in identifying Clyde and Jordan Anderson as the parties who robbed Mr. Ragusa. R. at 000043.

9. Rogers made his affidavit on May 27, 1976 and consequently, it was not before the state or federal district court.

## IV. Insufficiency of the Evidence

Petitioners' most substantial basis for requesting habeas corpus relief is that the evidence presented at their state trial was too weak to support a conviction. Our review of the record in the state trial confirms petitioners' argument that the State did adduce little evidence against them. Thus, the only evidence upon which a conviction could have been based was the testimony of two witnesses: Melinda Moore and Donald Madison. Melinda Moore, who was only eleven years old at the time of the robbery, identified Jordan Anderson as one of the robbers. She made this identification, notwithstanding her admission that she was in the store for only a moment during the robbery and that the robber whom she identified wore a mask. Donald Madison, an employee at the Ragusa grocery store, testified that a man, whom he later identified as Jordan Anderson, came into the store the night before the robbery and looked around before finally buying a pack of cigarettes. According to Madison's testimony, that same man bought another pack of cigarettes the morning of the robbery, after which he and another person, whom the witness identified as Clyde Anderson, sat in front of the store in a red Chevrolet for several hours. The man and the car were still in front of the store shortly before noon when Madison left to make a delivery. On his way back to the store, some 15–30 minutes later, Madison saw a red car that he perceived to have been the same car that had been parked in front of the store, speeding down Napolean Street. Other witnesses testified that the robbery occurred while Madison was making the delivery, that the robbers left the store in a red Chevrolet that had been parked outside it, and that the robbers were followed up Napolean Street as they made their get-away.

 We do not gainsay petitioners' argument that the evidence upon which they were convicted was weak. Indeed, if we were reviewing this case on direct appeal to determine whether the evidence was sufficient to support their conviction, we cannot be certain that we would deny relief to these two defendants. We are not hearing a direct appeal, however, but are deciding the merits of a habeas corpus petition from a state prisoner. To grant such relief, we must find that petitioners' conviction and resulting confinement is unconstitutional. Accordingly, abundant case law indicates that the sufficiency of the evidence introduced during trial is not a proper matter for a federal court reviewing a petition for habeas corpus, unless the record indicates that the state prisoner was denied due process. See Talavera v. Wainwright, 547 F.2d 1238 (5th Cir. 1977); Jenkins v. Wainwright, 488 F.2d 136 (5th Cir. 1973), cert. denied, 417 U.S. 917, 94 S.Ct. 2620, 41 L.Ed.2d 222 (1974); Colbroth v. Wainwright, 466 F.2d 1193 (5th Cir. 1973). Goodspeed v. Beto, 460 F.2d 398 (5th Cir. 1972); Adkins v. Beto, 462 F.2d 802 (5th Cir. 1972). In order to hold that the conviction violates due process, the court must find that the state presented no evidence that could have supported the petitioner's conviction. See, e. g., Jackson v. Alabama, 534 F.2d 1136 (5th Cir. 1976); Brooks v. Rose, 520 F.2d 775 (6th Cir. 1975); Cunha v. Brewer, 511 F.2d 894 (8th Cir. 1975); Phillips v. Pitchess, 451 F.2d 913 (9th Cir. 1971), cert. denied, 409 U.S. 854, 93 S.Ct. 187, 34 L.Ed.2d 97. See also Vachon v. New Hampshire, 414 U.S. 478, 94 S.Ct. 664, 38 L.Ed.2d 666 (1974); Thompson v. Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). Unless the record indicates a total lack of evidence, the petitioner's claim of innocence is not to be evaluated in a review of his petition. Fulford v. Dutton, 380 F.2d 16 (5th Cir. 1967); Shaver v. Ellis, 255 F.2d 509 (5th Cir. 1958), cert. denied, 355 U.S. 864, 78 S.Ct. 98, 2 L.Ed.2d 70. In the present case, while we recognize that the state's case against petitioners was not formidable, we cannot say that the prosecution adduced absolutely no evidence against them. Our conclusion that we are powerless to grant relief to petitioners is further buttressed by a reading of this court's opinion in Jackson v. Alabama, 534 F.2d 1136 (5th Cir. 1976). In Jackson, the petitioner had been convicted of robbing a woman of

three thousand dollars in a hospital parking lot. He then brought a habeas corpus action alleging that there had been no evidence adduced against him at trial. We rejected his petition, however, holding that a witness' identification of him as a person who was driving suspiciously through the hospital parking lot at the approximate time of the robbery and the discovery of two thousand dollars on his person when he was arrested constituted "some" evidence upon which a conviction could be based.

■ Therefore, on the basis of the relevant precedent in this circuit, we must affirm the district court's dismissal of the petition. All of petitioners' allegations constituting legal questions, with no factual dispute involved in this petition, the district court's refusal to hold an evidentiary hearing did not violate the directives in *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

AFFIRMED.