TUTTLE, Circuit Judge,
dissenting:
The majority holds that the State of Alabama provided petitioner “an opportunity for full and fair litigation of his fourth amendment claim at the time of his trial.” Because this conclusion, in my view, is in' direct conflict with our court’s decision in O’Berry v. Wainwright, 546 F.2d 1204 (5th Cir. 1977), cert. denied, 433 U.S. 911, 97 S.Ct. 2981, 53 L.Ed.2d 1096 (1978), I respectfully dissent.
In Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court addressed and decided a single issue:
whether state prisoners — who have been afforded the opportunity for full and fair consideration of their reliance upon the exclusionary rule with respect to seized evidence by the state courts at trial and on direct review — may invoke their claim again on federal habeas corpus review.
Id. at 489, 96 S.Ct. at 3050. The precise meaning of the terms “opportunity” and “full and fair consideration,” although left unstated by the Supreme Court, has since been drawn into focus by our court. We held in O’Berry v. Wainwright, supra, that
where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court. Where, however, the facts are undisputed, and there is nothing to be served by ordering a new evidentiary hearing, the full and fair consideration requirement is satisfied where the state appellate court, presented with an undisputed factual record, gives full consideration to defendant’s Fourth Amendment claims. Such a distinction makes practical sense because it ensures that a criminal defendant is given a full hearing on his Fourth Amend *1196 ment claims and the facts underlying those claims at least once at the state level, but it does not require the State to hold evidentiary hearings which would be useless and inefficient.
546 F.2d at 1213 (emphasis added). The majority’s conclusion that federal court consideration of this petitioner’s fourth amendment claim is barred by the mere existence of a state mechanism for airing such a claim, regardless of the fact that no state court has in fact considered it, cannot be squared with O’Berry.
Our opinion in O’Berry expressly recognized only one exception to the hearing requirement. Noting that Stone requires only an “opportunity” for state court consideration of fourth amendment claims, we said:
[I]f Petitioner deliberately bypassed state procedures for making his Fourth Amendment objections known or if he knowingly waived his Fourth Amendment objections, then a federal District Court would be precluded from granting habeas corpus relief on Fourth Amendment grounds despite the fact that no state hearing was in fact held on Petitioner’s claims.
546 F.2d at 1213-14 (footnote & citation omitted) (emphasis added). Unless it can be said that petitioner either deliberately bypassed an opportunity to raise his claim at trial or knowingly waived his claim, O’Berry’s call for at least one full hearing must govern the disposition of this appeal.
The only matter raised by the State in this regard is that petitioner failed to object to the introduction of the challenged evidence at trial. The State of Florida posited a similar argument in O’Berry. However, we explained:
Our examination of the record reveals nothing which would clarify whether Petitioner’s failure to object was a strategic maneuver, a deliberate bypass of State procedures for raising and preserving objections or the result of inadvertence or ignorance on the part of Petitioner’s . counsel.
546 F.2d at 1215. Under the circumstances, we held that petitioner did not receive full and fair consideration of his fourth amendment claims at his trial. Given my view that the present case is factually indistinguishable from O’Berry, we are precedent bound to reject the state’s argument.
Petitioner pressed his fourth amendment claim before the state trial court in a writ of error coram nobis and on appeal to the Alabama Court of Criminal Appeals. The trial court denied the writ on procedural grounds without reaching the pretextual arrest claim. The appellate court merely affirmed denial of the writ. See Caver v. State of Alabama, 511 F.2d 124, 125 (5th Cir. 1975). In short, no Alabama court afforded petitioner’s claim the consideration mandated in O’Berry.
As we proceed further into the new Stone age of federal habeas corpus jurisprudence, the court en banc or the Supreme Court may determine that our formulation of the “full and fair consideration” requirement in O’Berry is not in conformity with the true import of Stone v. Powell. Until that day comes, I am of the opinion that no bar exists to federal review of fourth amendment claims presented under circumstances such as those in this case. I would reverse the judgment of the district court.