The appellant, Michael Anthony Jones, was indicted for and convicted of first degree robbery, in violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to twelve years' imprisonment in the State penitentiary.
At a suppression hearing held in a previous mistrial of this case, and herein made a part of this record, the following testimony was given.
Carney Anderson, manager of a McDonald's fast-food restaurant at 1337 Bessemer Road in Jefferson County, Alabama, testified that, on August 1, 1981, at approximately 3:00 a.m., two masked men approached him and his assistant manager as they were closing the restaurant. Mr. Anderson stated that these two black males, one "short and stocky" and the other "tall and skinny," forced him back into the restaurant. He testified that the "short and stocky" man held a gun. Mr. Anderson observed both men wearing surgical gloves on their hands and that they also wore masks of ladies' hose pulled "all the way over their faces." Mr. Anderson stated that the masks slightly distorted their facial features.
When the men came inside the restaurant, Anderson and his assistant were taken to the rear of the store. The stocky robber said to Anderson, ". . . to give [them] the white man's money. That's all we want." Anderson testified that the tall robber never spoke a word. Anderson opened the store safe from which the two black males took some $2,000.
Anderson testified that while the robbers were in the store, he "was looking at them when they were robbing us because I was scared they may do something." After the robbers left, Anderson called the police.
On August 13, 1981, approximately two weeks after the robbery, Lawrence Kornegay of the Birmingham Police Department testified that he received a call around 1:00 a.m. to go to a McDonald's Restaurant on Avenue E in Ensley to investigate a possible prowler. Officer Kornegay stated that a black male wearing blue jeans and no shirt had been seen behind the fast food restaurant. As he and his partner drove through the immediate area looking for the black male, Kornegay saw a van parked about a half block from the McDonald's Restaurant. Officer Kornegay testified that after approaching the van, he observed a black male "duck down inside the front part of the van." Kornegay testified that he went to the rear of the van and shined a flashlight in the rear window. There he observed inside the van three people, two males and one female, who appeared to be concealing something beneath a mat. Kornegay then moved to the front of the van where he observed through the car window a syringe and some pills on the console. Kornegay's partner advised the occupants of the van to come out of the van. The three occupants, one of which was appellant, were thereupon arrested.
The van was searched at the scene. Recovered during the search were two loaded pistols, two pairs of gloves, two toboggans and two ladies' stockings whose ends were tied.
The following day on August 14, 1981, Mr. Anderson viewed at the Birmingham Police Station a lineup in reference to the *Page 826 
August 1, 1981, robbery at the McDonald's on Bessemer Road where he worked. Included in the lineup were appellant and his male companion both of whom had been arrested the previous day. After viewing the lineup, Mr. Anderson identified both appellant and his companion as the two who had robbed him on August 1, 1981.
Sergeant Harry Faucett of the Birmingham Police Department testified that he conducted the lineup on August 14, 1981. He stated that the lineup consisted of six black males who were all similarly dressed in white coveralls. The heights of the men ranged from five feet seven inches to five feet ten inches and their weights from 145 to 160 pounds. Their ages ranged from twenty-one to thirty-one. No one in the lineup wore anything over his face. Sergeant Faucett stated that each man in the lineup was told to say, "I'm not going to hurt you. All I want is the white man's money." Sergeant Faucett also stated that no suggestive statements were made to Mr. Anderson prior to the lineup.
The appellant contends that the pretrial identification procedure was unduly suggestive and unreliable and, therefore, inadmissible at trial. The appellant alleges that the lineup was unnecessarily suggestive because he was placed in a line with shorter people and was made to speak during the lineup.
The test for determining the reliability of identification testimony following a pretrial identification procedure is whether the procedure was "unnecessarily suggestive and conducive to irreparable mistaken identification." Stovall v.Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199
(1967).
In Raines v. State, 428 So.2d 206 (Ala.Cr.App. 1983), this court, citing Brazell v. State, 369 So.2d 25 (Ala.Cr.App. 1978), stated:
 "Whether an out-of-court identification procedure has violated due process depends upon the `totality of the circumstances.' Stovall, [388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1968); Coleman, [399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387] supra; Biggers, [409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401] supra. This totality of the circumstances test is the standard in deciding whether an identification procedure is unnecessarily suggestive and conducive to irreparable mistaken identification. Caver v. Alabama, 537 F.2d 1333 (5th Cir. 1976).
 "In determining the constitutional adequacy of pretrial identification procedures and the admissibility of identification testimony, the central question is whether, under the totality of the circumstances, the identification was reliable. Manson [432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140] supra. This determination involves the application of a two-pronged test.
 "[T]he required inquiry is two-pronged. The first question is whether the initial identification procedure was `unnecessarily' [Stovall] or `impermissibly' [Simmons, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247] suggestive. If it is found to have been so, the court must then proceed to the question whether the procedure found to have been `unnecessarily' or `impermissibly' suggestive was so `conducive to irreparable mistaken identification' [Stovall] or had such a tendency `to give rise to a very substantial likelihood of irreparable misidentification' [Simmons] that allowing the witness to make an in-court identification would be a denial of due process. United States ex rel. Phipps v. Follette, 428 F.2d 912, 914-915 (2d Cir. 1970)."
Therefore, the first prong in determining whether a pretrial identification can be admitted is whether the lineup is impermissibly suggestive. If it is not, the inquiry ends.United States v. Sonderup, 639 F.2d 294 (5th Cir. 1981);Phillips v. State, 409 So.2d 918 (Ala.Cr.App. 1981).
The record does not support appellant's contention that the lineup was unduly suggestive. Sergeant Faucett testified that all six participants in the lineup were black males of the same approximate height, weight and age. They were all dressed in coveralls and were all asked to speak the same words. *Page 827 
As stated in Lewis v. State, 399 So.2d 907 (Ala.Cr.App. 1981):
 "The fact, in and of itself, that there was some slight discrepancy in physical appearance among the participants of a lineup does not taint that identification procedure or render it suggestive as a matter of law. Tate v. State, 346 So.2d 515
(Ala.Cr.App. 1977).
 "`(T)he disparate physical appearances of the lineup participants is not alone sufficient to warrant a finding of suggestiveness. Caver v. Alabama, supra (537 F.2d 1333 (5 Cir. 1976), cert. denied, 430 U.S. 910, 97 S.Ct. 1183, 51 L.Ed.2d 587 (1977); United States v. Reid, 517 F.2d 953, 965-66, n. 15 (2 Cir. 1975); United States ex rel. Pella v. Reid, 527 F.2d 380, 384 (2 Cir. 1975); United States v. Jackson, 166 U.S.App.D.C. 166, 172, 509 F.2d 499, 505 (1974). `Police stations are not theatrical casting offices; a reasonable effort to harmonize the lineup is normally all that is required. United States v. Lewis, 547 F.2d 1030, 1035 (8 Cir. 1976), cert. denied, 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 566
(1977).'
 "Swicegood v. Alabama, 577 F.2d 1322, 1327 (5 Cir. 1978)."
The appellant's motion to suppress Mr. Anderson's pretrial identification was properly denied.
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur. *Page 828