KING, P.J.,
for the Court:
¶ 1. Carlos Williams has appealed his conviction of capital murder in the Circuit Court of Coahoma County, Mississippi. The circuit court sentenced Williams to life imprisonment without parole in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction and sentence, Williams raises the following issue on appeal: 1) Whether the trial court erred by allowing Officer Danny Hill to testify about an out-of-court identification of the defendant from a photo line-up when there was no subsequent in-court identification.
¶ 2. Finding no error, this Court affirms.
FACTS
¶ 3. On the morning of August 29, 1997, James Pigee was parking his vehicle when he heard a gunshot and observed one female and two black males running from the McNeil Payment Agency (the Agency) located next door. A robbery, which left one employee dead, had taken place at the Agency. Pigee described both men as short with a heavy build and wearing dark clothes. During a photo line-up conducted by Officer Danny Hill at Pigee’s home, Pigee identified Carlos Williams and Artis Austin as the perpetrators. Pigee indicated that he could not be positive about the identification since he only observed the perpetrators for about fifteen seconds as they fled the scene.
*510 ¶ 4. Police investigated the crime scene and found Williams’s latent fingerprints and palm prints on the counter, on the metal cash tray and on the window at the Agency. Approximately six weeks later, Williams and his brother, Austin, were arrested. On December 8, 1997, a Coahoma County Grand Jury jointly indicted Williams and Austin for capital murder. In June 1998, a severance was granted and Williams was tried alone.
¶ 5. On October 1, 1998, Williams was convicted of capital murder and sentenced to life without parole in the custody of the Mississippi Department of Corrections.
ANALYSIS AND DISCUSSION OF THE LAW
I.
Whether the trial court erred by allowing Officer Danny Hill’s testimony of a photo-lineup identification of the defendant given by a witness absent a subsequent in-court identification.
¶ 6. In his only assignment of error, Williams contends that the trial court erred by allowing Officer Hill’s testimony of Pigee’s photo-lineup identification, which constituted inadmissible hearsay. Williams argues that he was not allowed the opportunity to confront and cross-examine Pigee about the pre-trial identification because there was no subsequent in-court identification nor was there an identification from the photographs shown to him by Officer Hill. The State argues that Hill’s in-court identification of Williams, which was based on Pigee’s pretrial identification, was nonhearsay and admissible under M.R.E. 801(d)(1)(C). The State also urges that Williams altered appearance at the time of trial was independently admissible as substantive evidence.
¶ 7. We find merit in the State’s argument because M.R.E. 801(d)(1)(C) states that “a statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is one of identification of a person made after perceiving him.” Pigee testified on direct that he identified two men, one of whom was Williams, from a photo-lineup conducted at his home by Officer Hill four days after the incident. However, Pigee was not asked to make an in-court identification of Williams as one of the two men he observed running from the scene of the robbery and murder. Officer Hill testified about Pigee’s identification of Williams from the photo-lineup as one of the perpetrators. Defense counsel objected to Officer Hill’s identification of Williams as inadmissible hearsay. The trial court correctly overruled the objection and allowed Officer Hill’s testimony on Pigee’s identification of Williams from the photo-line up. Such identification by a person other than the principal witness is not hearsay and is admissible as substantive material under M.R.E. 801(d)(1)(C). Livingston v. State, 519 So.2d 1218, 1221 (Miss.1988). See also U.S. v. Cueto, 611 F.2d 1056, 1063 (5th Cir.1980); Anderson v. Maggio, 555 F.2d 447, 449-50 (5th Cir.1977); U.S. v. Harden, 469 F.2d 65 (5th Cir.1972) (holding that an FBI agent’s statement that the defendant was the person portrayed in the photograph that the witness identified is also permissible.)
¶ 8. The testimony was not hearsay, but an in-court identification made by a third party based on a prior out of court identification pursuant to M.R.E. 801(d)(1)(C). Therefore, the trial court’s judgment is affirmed.
¶ 9. THE JUDGMENT OF CONVICTION OF COAHOMA COUNTY OF CAPITAL MURDER AND SENTENCE OF LIFE IMPRISONMENT WITHOUT THE POSSIBILITY OF PAROLE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
*511 McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.