**Roger M. GEORGE, Petitioner-Appellee,**

v.

**Honorable Tom BLACKWELL, Respondent-Appellant.**

No. 75–3112
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 25, 1976.

Stephen H. Capelle, Asst. Dist. Atty., Austin, Tex., for respondent-appellant.

Roy Q. Minton, Austin, Tex., for petitioner-appellee.

Before DYER, CLARK and HILL, Circuit Judges.

PER CURIAM:

On the morning of July 5, 1972, Officer Bobby Sides, an Austin policeman, received

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

an anonymous phone call from a person who stated that a large quantity of marijuana was being grown in the back yard of 8306 High Oak Drive in Austin, Texas. Based on this tip by an informant of unproven reliability, Officer Sides went to a vacant lot which abutted the residence and looked through an eight foot privacy fence and saw several hundred marijuana plants. Officer Sides then obtained a search warrant and appellee was arrested upon execution of the warrant.

Appellee was convicted for possession of marijuana in the 167th Judicial District Court of Travis County, Texas, wherein he received a ten (10) year probated sentence. On January 22, 1973, a pretrial hearing was conducted on appellee's motion to suppress evidence on the grounds that Officer Sides had conducted a search in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States. After hearing extensive evidence the state court took the motion under advisement and ordered counsel for appellee to file a written brief in support of his motion to suppress. On the morning of April 3, 1973, the case came on for trial on the merits and additional testimony was received on the still pending motion of the appellee to suppress. At the close of the state's case the state court denied the appellee's motion to suppress. The state court judge noted that he felt that it was an "extremely close" case and that he wanted the appellate courts of the state to have the opportunity to speak on the issue. The issue was presented to the Texas Court of Criminal Appeals and they affirmed. *See George v. State*, 509 S.W.2d 347 (1974).

On October 17, 1974, appellee filed his petition for writ of habeas corpus pursuant to 28 U.S.C.A. Section 2254 in the United States District Court for the Western District of Texas. After receipt of appellant's answer in the district court appellee's petition for writ of habeas corpus was granted on June 30, 1975. The district court concluded that when Officer Sides peered through the fence surrounding appellee's back yard he conducted an unreasonable search in violation of the Fourth Amendment to the Constitution. That order was stayed pending review in this court. We reverse.

In *Stone v. Powell*, —— U.S. ——, 96 S.Ct. 3037, 48 L.Ed.2d ——, 44 U.S.L.W. 5313 (1976) the question presented was "whether a federal court should consider, in ruling on a petition for habeas corpus relief filed by a state prisoner, a claim that evidence obtained by an unconstitutional search or seizure was introduced at his trial, when he has previously been afforded an opportunity for full and fair litigation of his claim in the state courts." *Id.* at ——, 96 S.Ct. at 3039, at 5313–5314. After examination of the history of the "Great Writ" in light of the nature and purpose of the Fourth Amendment exclusionary rule, the court held "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at ——, 96 S.Ct. at 3045, at 5317. A review of the record in this case demonstrates beyond doubt that appellee received a full and fair hearing in the state court on his Fourth Amendment claim. As a matter of fact, it was the only issue disputed by appellee.

Accordingly, the district court order granting appellee habeas corpus relief is hereby

REVERSED.