**John Lerl COLE, Petitioner-Appellee,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellant.**

No. 75–3283.

United States Court of Appeals, Fifth Circuit.

March 17, 1977.

John L. Hill, Atty. Gen., Patrick P. Rogers, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Donald A. Smyth, Staff Counsel for Inmates, Texas Dept. of Corrections, Brazoria, Tex. (Court Appointed), Robert T. Baskett, Phil Burleson, Dallas, Tex., for petitioner-appellee.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

This case is before us after the Supreme Court vacated our prior opinion and remanded for further consideration in light of *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Concluding that *Stone v. Powell* precludes habeas corpus relief in this case,[1] we reverse the district court.

Appellee was convicted of robbery by assault in Texas state court. Before his trial the court held a hearing on his motion to suppress a shotgun and shotgun shells seized by a police officer upon appellee's arrest. That court held the evidence admissible and it was used against appellee at trial. On appeal the Texas Court of Criminal Appeals held that evidence inadmissible because it was not seized incident to a valid arrest, but nonetheless affirmed the conviction on the ground that admission of the evidence was harmless beyond a reasonable doubt. *Cole v. State,* 484 S.W.2d 779, 784 (Tex.Cr.App.1972). After exhausting state

---

1. This court has applied *Stone v. Powell* to all cases still pending final adjudication at the time that decision was announced. *See, e. g., Caver v. Alabama,* 537 F.2d 1333, 1335–36 (5 Cir. 1976); *George v. Blackwell,* 537 F.2d 833, 834 (5 Cir. 1976); *Wright v. Wainwright,* 537 F.2d 224, 226 & n. 4 (5 Cir. 1976). Accordingly, we apply the rule of *Stone v. Powell* in the instant case.

It is rather obvious that the Supreme Court would not have vacated our judgment and remanded this cause for further consideration in light of *Stone v. Powell, supra,* if that decision did not apply to this case.

remedies appellee petitioned the federal district court for a writ of habeas corpus. Adopting the magistrate's findings and conclusions, the district court held that appellee had been improperly convicted because the admission of illegally seized evidence was not harmless error. This court affirmed the judgment of the district court pursuant to Local Rule 21 on April 1, 1976, 530 F.2d 973, several months before the Supreme Court's decision in *Stone v. Powell.*

We are faced with the question: Does *Stone v. Powell* preclude assertion of a claim that admission of evidence held by the state appellate court to have been illegally seized was not harmless error? [2] We have no doubt that *Stone v. Powell* does preclude such an assertion, for the Court in that case did not simply hold that the illegality of a search and seizure cannot be asserted in a federal habeas proceeding. Rather, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure *was introduced* at his trial. In this context the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal and the substantial societal costs of application of the rule persist with special force." 428 U.S. at 494, 96 S.Ct. at 3052, 49 L.Ed.2d at 1088 (footnotes omitted) (emphasis added). It is obvious that appellee had an opportunity for full and fair litigation of his Fourth Amendment claim in Texas state courts. *See, e. g., O'Berry v. Wainwright,* 5 Cir., 1977, 546 F.2d 1204; *George v. Blackwell, supra,* n. 1.

Therefore, the judgment of the district court is reversed and this case is remanded for entry of an order dismissing appellee's petition.

REVERSED and REMANDED.

---

2. In *O'Berry v. Wainwright,* 5 Cir., 1977, 546 F.2d 1204, we were faced with a somewhat similar issue. There, we held that where a "state court is squarely faced with Petitioner's Fourth Amendment claim, but chooses to resolve that claim on an independent, adequate, non-federal state ground, at least where that state ground does not unduly burden federal rights," then the *Stone v. Powell* "opportunity for full and fair consideration" requirement is satisfied. *Id.,* at 1216.