Horace Berry JORDAN,
Petitioner-Appellee,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellant.

No. 76–3456
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 27, 1977.

John L. Hill, Atty. Gen., Robert E. De-Long, Jr., Asst. Atty. Gen., Joe B. Dibrell, Jr., Asst. Atty. Gen., David M. Kendall, Jr., 1st Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Ted Redington, Staff Counsel for Inmates, Huntsville, Tex., for petitioner-appellee.

Horace Berry Jordan, pro se.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Horace Berry Jordan was convicted of armed robbery in state court. On March 23, 1972, Jordan was sentenced to fifty

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

years' imprisonment. Jordan's conviction was affirmed in *Jordan v. State,* 500 S.W.2d 638 (Tex.Cr.App.1973). Jordan petitioned for state habeas relief based on the introduction at trial of evidence obtained by an allegedly illegal search. The state trial court recommended that the conviction be vacated, but the Texas Court of Criminal Appeals denied relief in an unwritten opinion. Jordan subsequently filed for federal habeas relief pursuant to 28 U.S.C. § 2254. On June 4, 1976, the district court granted relief. On June 6, 1976, the Supreme Court handed down *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). The state brought this appeal from the district court's order granting habeas relief. We reverse.

■ Because *Stone v. Powell* is retroactively applicable to Jordan's habeas petition, the district court erred in granting relief. *Stone* held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482, 96 S.Ct. at 3046. We have held that the rule of *Stone* is retroactive to a prior granting of federal habeas relief on appeal at the time of the *Stone* decision. *See George v. Blackwell,* 537 F.2d 833 (5th Cir. 1976) (per curiam). *See also Roach v. Parratt,* 541 F.2d 772 (8th Cir. 1976); *Bracco v. Reed,* 540 F.2d 1019 (9th Cir. 1976). Hence if Jordan received a full and fair hearing in state court on his fourth amendment claim, he could not raise that claim in a federal habeas proceeding.

■ Nevertheless, Jordan's federal habeas petition did not address itself to the question whether the state afforded him an opportunity for full and fair litigation of his claim. Under similar circumstances, we have held that a habeas petitioner to whom *Stone v. Powell* is retroactively applied should be given a chance to be heard upon

the legal standard announced in that case. *See Caver v. Alabama,* 537 F.2d 1333 (5th Cir. 1976). When petitioner could not have known that his sole prospect of habeas relief lay in a claim that the state denied him fair opportunity to litigate his fourth amendment claim, the case should be remanded to allow the petitioner to address the requirements of *Stone* if there is any chance he will be able to prove that the state denied him full and fair hearing. On the other hand, where a review of the record demonstrates beyond doubt that the petitioner received a full and fair hearing in state court on his fourth amendment claim, a remand for further factfinding is unnecessary. *See George v. Blackwell, supra,* 537 F.2d at 834.

■ The record in this case makes abundantly clear that Jordan was afforded a full and fair hearing by the state trial court. His presentation to that court was sufficiently persuasive that the court recommended granting the writ; his presentation was sufficiently detailed that the federal district court, in granting the writ, relied on the extensive findings of the state court. There being no possibility that Jordan will succeed in showing the denial of a full and fair opportunity to litigate his fourth amendment claim in state court, we reverse the judgment of the district court and remand solely to determine whether any of the non-fourth amendment claims not passed upon by the lower court would mandate federal habeas relief.

REVERSED AND REMANDED.