UNITED STATES of America ex rel.
Frank PETILLO

v.

STATE OF NEW JERSEY, Appellant,
and Albert D. Gray, etc.

Angelo ALBANESE

v.

Howard YEAGER and John Cyran,
etc., et al.

No. 76–2393.

United States Court of Appeals,
Third Circuit.

Argued June 8, 1977.

Decided Aug. 23, 1977.

Joseph P. Lordi, Essex County Prosecutor, Newark, N. J., for appellant; R. Benjamin Cohen, Kenneth P. Ply, Asst. Pros. Atty., of counsel and on the brief.

Stanley C. Van Ness, Public Defender, Trenton, N. J., for petitioner-appellee; Rosemary Karcher Reavey, Asst. Deputy Public Defender, East Orange, N. J., of counsel and on the brief.

Before WEIS, STALEY and GARTH, Circuit Judges.

## OPINION OF THE COURT

STALEY, Circuit Judge.

This is New Jersey's second appeal from a district court order granting petitioner-appellee a writ of habeas corpus under 28 U.S.C. § 2254 (1970). We previously vacated the district court's initial judgment, issued after a hearing on petitioner's fourth amendment claims, and remanded for reconsideration in light of the Supreme Court's intervening decision in *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).[1] *United States ex rel. Petillo v. New Jersey*, 541 F.2d 275 (3d Cir. 1976).[2] The lower court reissued the writ,

---

**1.** In *Stone* the Court held that

where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

428 U.S. at 482, 96 S.Ct. at 3046 (footnote omitted).

**2.** The indicated citation is to a table giving only the disposition as reflected in an unpublished opinion. That opinion was reproduced as a

418 F.Supp. 686 (D.N.J.1976), incorporating by reference its original opinion at 400 F.Supp. 1152. The court found that *Stone v. Powell* did not foreclose application of the exclusionary rule in this proceeding. *Stone's* limitations on habeas review affect only those state prisoners whose fourth amendment claims have been afforded "an opportunity for full and fair litigation" in the state courts. 428 U.S. at 482, 96 S.Ct. at 3046. The district court held that petitioner's fourth amendment claim was not barred by *Stone v. Powell.* Since New Jersey had adopted a rule precluding challenges to the truthfulness of allegations in an affidavit for a search warrant, the application of that rule "deprive[d] all defendants of a state forum 'for the full and fair litigation' of such Fourth Amendment claims." 418 F.Supp. at 688. Because we find that petitioner Petillo was not prejudiced by the operation of New Jersey's rule[3] and was afforded the "opportunity for full and fair litigation" contemplated by *Stone v. Powell,* we vacate the district court's order.

Petillo was convicted of violating the New Jersey gaming laws at a trial in which the prosecution introduced evidence seized during a search of Petillo's home. In the affidavit supporting the search warrant, a state trooper averred he had been told by a reliable informant that a certain male was conducting a gambling operation at 326 Bloomfield Avenue. The informant said he had placed numerous horse bets with this individual by calling telephone number 429–9377. An examination of telephone company records showed that number and an auxiliary number, 429–4933, listed to F. Petillo at the Bloomfield Avenue address. The officer stated that on two occasions in March 1970 he dialed 429–9377 and, after a male voice answered, handed the receiver to the informant who then placed a bet. (Appendix on behalf of Appellant at 64.)

Defendant attacked the truthfulness of the affidavit at his suppression hearing. The defense witness, a New Jersey Bell employee, testified from records which showed the telephone company had on its own initiative disconnected 429–9377 from the home office on December 18, 1969. The number had not been reassigned. Unless normal channels have been circumvented, calls placed to 429–9377 in March would have been routed to an intercept message recorded in a female voice.

The affiant was also called to testify for the defense. He essentially restated the facts set out in the affidavit, except that he claimed to have listened to the telephone conversations by cupping his ear to the receiver. The state requested time for an investigation of the inconsistency between the telephone company's records and the affiant's testimony which might produce

---

part of the district court's second *Petillo* opinion. *United States ex rel Petillo v. New Jersey,* 418 F.Supp. 686, 687 n. 1 (D.N.J.1976).

**3.** At the time of the district court's consideration of Petillo's habeas petition, his claim was consolidated with another application for habeas relief filed by Angelo Albanese. Consolidation was felt proper even though the cases were unrelated, since both actions involved a common question of law. In the wake of *Stone v. Powell,* however, this is no longer accurate. At trial petitioner Albanese was given no opportunity to litigate his claim that evidence was seized from him under authority of a search warrant procured through police perjury. The New Jersey Superior Court, relying on the rule formulated by the state supreme court in its review of Petillo's conviction on direct appeal, found no constitutional violation in the denial of a hearing of Albanese's fourth amendment claim. *State v. Albanese,* No. A–2989–71 (App. Div.1973), at 2. While it is true that the Supreme Court of New Jersey articulated "for future guidance" what is now known as the "Petillo Rule" in its disposition of petitioner Petillo's appeal, *see State v. Petillo,* 61 N.J. 165, 173, 293 A.2d 649, 653 (1972), the fact remains that Petillo did have a hearing on his motion to suppress in which he presented testimony on his fourth amendment claim.

Although the state initially appealed from the district court's reissuance of the writ of habeas corpus with respect to both petitioners, it has since been granted permission (by an order of this court dated January 3, 1977) to drop its appeal as to Albanese. Thus the only issue before us is whether Petillo's claim was given an opportunity for full and fair consideration in the New Jersey courts. Naturally we intimate no views on the "Petillo Rule" itself, since it is not presented as an issue on the record before us.

additional evidence. When the hearing was reconvened, however, the state offered no new evidence and the prosecuting attorney actually conceded that the alleged telephone calls could not have been made.

The trial judge denied the motion to suppress because he was not convinced the trooper had lied.

> After reading the affidavits particularly after hearing the testimony of the police officer who testified before me as a defendant's witness, I not only disagree with the argument as to his testimony but I feel it dehors the basic grounds to be considered on the motion.
>
> \* \* \* \* \* \*
>
> I am not completely satisfied nor do I feel it is conclusive that the testimony by the representative of the New Jersey Bell Telephone Company would exclude all possibilities of the phone ringing at the address in Bloomfield Avenue. Even if I were to accept this testimony to eliminate the phone calls which were part of the affidavit, I would hold that the remaining allegations in the affidavit would be sufficient for the issuing Judge to find probable cause on which to issue a search warrant. (11/13/70 T100a–101a).

Appellant's Brief at 12.

The district court concluded that the state court judge "necessarily" predicated his acceptance of the trooper's version of the facts on an "erroneous characterization" of the testimony of the telephone company witness. In his ruling on the motion to suppress, the trial judge stated the witness had said it was "probable" that, through some technical irregularity, the trooper could have reached the defendant by dialing the disconnected number. Actually, the witness only admitted it was "possible" to circumvent the interceptor, although she herself did not know how this might be done. 400 F.Supp. at 1165 & n. 6. During oral argument on the suppression motion, the prosecutor stated that unauthorized equipment could not have been placed on the line without collusive help from within the telephone company. *Id.* at 1163. At the habeas hearing another prosecutor ac-

knowledged that the finding of "probability" was unsupported by the record. (Transcript 8/27/74 at 99).

■ Given these circumstances, it is necessary to restate once again the post-*Stone v. Powell* role of a federal habeas corpus court faced with a petitioner's fourth amendment claim. The question is not whether the trial court "correctly" decided the fourth amendment issue, but whether the petitioner was given an *opportunity* for *full and fair* state court litigation of his fourth amendment claim. *Holmberg v. Parratt*, 548 F.2d 745, 746 (8th Cir. 1977) (under *Stone* incorrect application of fourth amendment principles by state is irrelevant in habeas review); *cf. Hines v. Auger*, 550 F.2d 1094, 1097 (8th Cir. 1977) (*Stone* emphasizes opportunity for, not fullness or fairness of, litigation of claim).

Some circuits have found the defendant has been afforded a "full and fair opportunity" if the state courts considered his claim at all. *E. g., Cole v. Estelle*, 548 F.2d 1164 (5th Cir. 1977); *Corley v. Cardwell*, 544 F.2d 349 (9th Cir. 1976), *cert. denied*, 429 U.S. 1048, 97 S.Ct. 757, 50 L.Ed.2d 763 (1977); *Roach v. Parratt*, 541 F.2d 772 (8th Cir. 1976); *George v. Blackwell*, 537 F.2d 833 (5th Cir. 1976). In other cases courts have noted specific factors as indicative of adequate consideration in state court of the petitioner's fourth amendment claim. *Jordan v. Estelle*, 551 F.2d 612 (5th Cir. 1977); *Hines v. Auger*, 550 F.2d at 1098; *O'Berry v. Wainwright*, 545 F.2d 1204, 1213 & n. 13 (5th Cir. 1977).

■ The *Stone* Court's only indication of what it meant by "an opportunity for full and fair litigation" was its reference to *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). *Stone v. Powell*, 428 U.S. at 494 n. 36, 96 S.Ct. at 3052. The district court, anticipating the Supreme Court's decision in *Stone v. Powell*, rejected the state judge's finding on credibility on grounds that it was not fairly supported by the record within the meaning of *Townsend*. 400 F.Supp. at 1165. Although areas of doubt may exist as to the proper meshing

of the principle in *Stone v. Powell* and the factors requiring a habeas hearing in *Townsend v. Sain*, in this case we need not reconcile whatever differences may exist between those two cases and their respective philosophies. *Stone v. Powell* is unequivocal in its statement that federal habeas corpus is not available when state prisoners "have been afforded the opportunity for full and fair consideration of their reliance upon the exclusionary rule with respect to seized evidence by the state courts at trial and on direct review . . . ." 428 U.S. at 489, 96 S.Ct. at 3049.

■ Even if *Townsend* provided the sole criteria for defining what constitutes full and fair consideration of fourth amendment claims under *Stone but see O'Berry v. Wainwright*, 546 F.2d 1204, 1211–12 (5th Cir. 1977)—and we do not contend that such is the case—the consideration given Petillo's claims by the New Jersey state courts clearly passed the test. Petillo undeniably raised his fourth amendment claim seeking suppression in the New Jersey trial court and on direct review in the New Jersey Supreme Court, *State v. Petillo*, 61 N.J. 165, 293 A.2d 649 (1972). His claim was presented to the United States Supreme Court as well, 410 U.S. 945, 93 S.Ct. 1393, 35 L.Ed.2d 611 (1973) (*denying certiorari*). He has been denied suppression of the disputed evidence in all instances. He now seeks to attack that denial, not because of a lack of opportunity to litigate his claim that this evidence should have been excluded from his trial, but because of the routine credibility determination made by the state trial judge after a contested suppression hearing. *Stone v. Powell* holds that in such a circumstance, where the petitioner was afforded an opportunity to fully and fairly litigate the issue of exclusion in the state courts at trial and on direct review, the federal habeas courts may not permit relitigation of such findings.

■ The district court overturned the finding of credibility by the trial judge, who heard and observed both witnesses, apparently because in the district court's judgment the trooper had lied. *See* 400 F.Supp. at 1164–65. The district court's only rationale for taking this step was the trial judge's inaccurate characterization of the "probability" that the telephone disconnect had been circumvented. The trial judge's full statement quoted above, however, indicates that he found it "possible" that the trooper's story was true and resolved the credibility question in the prosecution's favor. Under *Stone v. Powell* the district court may not revive a fourth amendment issue by substituting its evaluation of the facts for that of the trial judge. The question of credibility is particularly within the province of the factfinder, whose conclusions should not be disturbed unless they are inherently incredible. *See United States ex rel. Johnson v. Johnson*, 340 F.Supp. 1368, 1376 (E.D.Pa.1972). (Credibility determinations made by the trial judge are not properly reviewable in habeas corpus proceedings.)

■ The district court also determined that, notwithstanding the flexible guidelines in *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) and *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), disclosure of the informant's identity was necessary for the hearing to be full and fair. 400 F.Supp. at 1166 & n. 8. *McCray* was distinguished by the district court on grounds that Petillo had made a "prima facie showing of material misrepresentation." *Id.* at 1167 n. 8. The district court was correct in maintaining that due process would have required disclosure of the informant's identity once the trial judge had entertained doubts as to the trooper's veracity. However, the requirement was not appropriately raised here, where the trial judge found the trooper's testimony was credible.

The district court, having found as a result of its hearing that the trooper lied, also concluded that this "untrue" testimony of the trooper infected all other aspects of the affidavit. Thus the district court rejected the finding of the state trial judge that "the remaining allegations in the affidavit would be sufficient for the issuing Judge to find probable cause on which to issue a

search warrant." We find it necessary to comment only briefly on this aspect of the case. Having determined that the district court was precluded by *Stone v. Powell* from considering the merits of Petillo's fourth amendment claim, we need go no further. In reflecting on the propriety of the district court's resolution of the claim, however, we cannot help but observe that the state trial judge reached the opposite and equally supportable conclusion that probable cause for the issuance of the warrant existed without regard to the controverted portion of the affidavit.

The judgment granting the writ of habeas corpus is vacated; the cause is remanded to the district court with directions to dismiss the petition.