**Franklin Edward DAVIS,**
**Petitioner-Appellant,**

**v.**

**Frank C. BLACKBURN, Warden,**
**Louisiana State Penitentiary,**
**Respondent-Appellee.**

**No. 86–4055.**

United States Court of Appeals,
Fifth Circuit.

Nov. 10, 1986.

Franklin E. Davis, pro se.

John F. Johnson, Dist. Atty., Vidalia, La., for respondent-appellee.

Before RUBIN, REAVLEY, and HILL, Circuit Judges.

## ON PETITION FOR PANEL REHEARING

### PER CURIAM:

In his petition for panel rehearing, Davis urges that this court is foreclosed from *sua sponte* applying the principle of *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), so as to bar relitigation of his fourth amendment claim in his federal habeas corpus action because the state did not assert this principle in the district court. We disagree.

In *Stone* the Court stated "that where the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494, 96 S.Ct. at 3052. This preclusion on federal courts to grant habeas relief based on a fourth amendment violation acts as a bar to such relief "absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." 428 U.S. at 494 n. 37, 96 S.Ct. at 3052 n. 37. We have interpreted this language to place the burden on a habeas petitioner to plead and prove the denial of a full and fair hearing in state court.

In *Caver v. State of Alabama,* 537 F.2d 1333 (5th Cir.1976), we recognized that the holding in *Stone,* coming as it did between the district court's ruling on the petitioner's fourth amendment claim and his appeal, required a remand so that the petitioner could be given an opportunity to address the requirements of *Stone.* However, in *Caver* the court went on to state:

> But in future application of *Stone v. Powell, supra,* no such remand will be required. Rather *the burden will be on a petitioner to plead and prove at the federal trial level a want of opportunity fairly and fully to litigate any fourth amendment claim in state courts.*

537 F.2d at 1336 n. 2 (emphasis added). We recognized, although in dicta, a short time later in *O'Berry v. Wainwright,* 546 F.2d 1204 (5th Cir.1977), the pervasive bar of the requirements of *Stone* to federal court consideration of a fourth amendment claim by a state prisoner in a federal habeas setting. The court in *O'Berry,* although recognizing that *Stone* did not cast its requirements in a jurisdictional mold, nevertheless equated the lack of federal court power to consider a fourth amendment claim when *Stone* requirements have not been met with the pragmatic effect of depriving a federal court of jurisdiction over such a claim. *Id.* at 1211–12.

Despite *O'Berry's* dicta, we acknowledge, as the Supreme Court has done recently in *Kimmelman v. Morrison,* — U.S. —, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986), that the holding in *Stone* is not predicated on jurisdictional grounds. Unquestionably, at all times we have the jurisdiction to consider Davis' fourth amendment claim. The prudential limitations imposed by *Stone,* however, are equally important in determining whether or not we will exercise our jurisdiction. The Supreme Court has mentioned this explicitly in the standing area. *See, e.g., Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed.2d 343 (1975) (recognizing that standing involves both constitutional limitations on jurisdiction and prudential limitations on its exercise).

As in the standing area, the limitations imposed upon us by *Stone* reflect important policy considerations such as comity and interests in finality. Basing its decision on prudential considerations, the Supreme Court has invoked the standing doctrine *sua sponte* if necessary to protect these policy concerns. *See, e.g., Tileston v. Ullman,* 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943) (dismissing an appeal on standing grounds where physician alleged intrusion on constitutional rights of others); *Warth,* 422 U.S. at 499–501 & n. 12, 95 S.Ct. at 2205–06 & n. 12 (recognizing that third-party standing rules are "prudential rules"). Similarly, we are obliged to apply *Stone* as a prudential limitation on the ex-

ercise of our jurisdiction here, even if it must be raised *sua sponte.*[1]

■ Our rejection of Davis' fourth amendment claim due to his failure to meet the requirements of *Stone* gives us no reason to believe that an injustice has resulted by reason of our action. Davis cannot claim that he has not had his claim ruled on because, as our panel opinion made clear, Davis had a full and fair hearing on his claim in the state court. Where the record clearly shows that a petitioner had a full and fair hearing in state court, we hold that a federal court is not foreclosed from *sua sponte* applying the principle of *Stone.*

Since this standard is satisfied in Davis' case, his petition for panel rehearing is DENIED.

ALVIN B. RUBIN, Circuit Judge, dissenting from the refusal to grant rehearing:

This court has ruled repeatedly that we will not consider issues that were not raised below,[1] and, *a fortiori,* that we will not consider issues that are not raised by the litigants on appeal[2] save when they undermine our jurisdiction.[3] Davis' petition for rehearing points out that the State did not raise, either in the district court or in its brief on appeal, the defense that *Stone v. Powell*[4] barred relitigation of his fourth amendment claim, and that this court both raised and decided the question *sua sponte.* My colleagues concede that these contentions are factually correct. Their opinion in denying rehearing, therefore, seeks to justify their initiative in discovering the issue as well as in deciding it.

*Stone,* as the majority concedes, does not declare a jurisdictional rule. The *Stone* opinion expressly states:

> Our decision does not mean that the federal court lacks jurisdiction over such a claim, but only that the application of the rule is limited to cases in which there has been both such a showing and a Fourth Amendment violation.[5]

In subsequent dicta, this court has interpreted *Stone* to mean what the opinion says it does not. In *O'Berry v. Wainwright,*[6] we said:

> Despite the assertions of the Supreme Court in *Stone* to the contrary, we would be blind to reality to pretend that the practical effect of that decision is not a limitation on federal court jurisdiction.[7]

That our reading of *Stone* in *O'Berry* was incorrect was made clear by the Su-

---

1. The dissent argues that our analogy to standing is inapposite because lack of standing raises a constitutional defect whereas *Stone* involves "only" prudential considerations. We disagree. As we have demonstrated, the Supreme Court has found that prudential considerations can be important enough to preclude a federal court from exercising its jurisdiction. In cases such as *Tileston v. Ullman* it was not a "constitutional defect"—to use the words of the dissent—that precluded the Court from hearing the case; indeed, the case fell within the limits of article III. Instead, the Court found prudential limitations on the exercise of its article III jurisdiction to be equally important as constitutional limitations. Thus, we disagree with the implied position of the dissent that our ability to recognize *sua sponte* limitations on the exercise of our jurisdiction depends on whether "constitutional defects" as opposed to prudential considerations are involved.

1. *See, e.g., Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *United States v. Allegheny-Ludlum Indus., Inc.,* 517 F.2d 826, 840 n. 13 (5th Cir.1975), *cert.*

denied, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976); *Zimmer v. McKeithen,* 485 F.2d 1297, 1307 (5th Cir.1973), *aff'd sub nom. East Carroll Parish School Bd. v. Marshall,* 424 U.S. 636, 96 S.Ct. 1083, 47 L.Ed.2d 296 (1976).

2. *See, e.g., Zuccarello v. Exxon Corp.,* 756 F.2d 402, 407–08 (5th Cir.1985); *Domed Stadium Hotel, Inc. v. Holiday Inns, Inc.,* 732 F.2d 480, 488 n. 7 (5th Cir.1984); *McGruder v. Necaise,* 733 F.2d 1146, 1148 (5th Cir.1984).

3. *See, e.g, State of Ala. v. Woody,* 473 F.2d 10, 12–14 (5th Cir.1973); *21 Turtle Creek Square, Ltd. v. N.Y. State Teachers' Retirement Sys.,* 404 F.2d 31, 32 (5th Cir.1968).

4. 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

5. 428 U.S. at 494 n. 37, 96 S.Ct. at 3052 n. 37.

6. 546 F.2d 1204 (5th Cir.), *cert. denied,* 433 U.S. 911, 97 S.Ct. 2981, 53 L.Ed.2d 1096 (1977).

7. 546 F.2d at 1211–12.

preme Court last term in *Kimmelman v. Morrison.*[8] The Court there said:

> The Court made clear in *Stone* that it rested its holding on prudential, rather than jurisdictional, grounds. *Id.,* [428 U.S.] at 495, n. 37, 96 S.Ct., at 3052 n. 37 ("Our decision does not mean that the federal court lacks jurisdiction over ... [a Fourth Amendment] claim, but only that the application of the [exclusionary] rule is limited").[9]

In a number of cases considered by us before *Kimmelman* was rendered, we have considered a state's *Stone* defense on appeal although it was not raised in the trial court,[10] but the opinions in these cases do not indicate that we have ever done so when the issue was not even raised by the state in its appellate briefs and when, in addition, the petitioner has objected to our doing so.

Acknowledging that we have jurisdiction, my colleagues say that they act only for *prudential* reasons. It seems to me most imprudential, however, for this court on appeal *sua sponte* to devise reasons to deny relief to a petitioner in a habeas corpus case. We do not assist the defendant by raising such a defense in any other kind of case, and I see no reason to depart from our settled rules in order to assist the Attorney General of the State of Louisiana.

My colleagues seek to justify acting *sua sponte* by relying on cases in which we have raised on our own initiative a litigant's lack of standing. I do not consider these cases to be analogous, for in them the want of standing was a constitutional defect, the absence of a case or controversy.[11]

The Supreme Court has, of course, held that, even when Article III requirements are met, "a plaintiff may still lack standing under the prudential principles by which the judiciary seeks to avoid deciding questions of broad social import where no individual rights would be vindicated and to limit access to the federal courts to those litigants best suited to assert a particular claim."[12] As supposed authority for acting *sua sponte* on nonconstitutional grounds, my colleagues rely, erroneously in my opinion, on *Tileston v. Ullman.*[13] The Supreme Court said of *Tileston* in *Griswold v. Connecticut,*[14]

> *Tileston v. Ullman* is different, for there the plaintiff seeking to represent others asked for a declaratory judgment. In that situation we thought that the requirements of standing should be strict, lest the standards of "case or controversy" in Article III of the Constitution become blurred.[15]

The Court took the same view of *Tileston* in *Eisenstadt v. Baird,*[16] in which it said:

> Underlying the [*Tileston*] decision was the concern that "the standards of 'case or controversy' in Article III of the Constitution [not] become blurred," *Griswold v. Connecticut,* 381 U.S. 479, 481, 85 S.Ct. 1678, 1679, 14 L.Ed.2d 510 (1965)—a problem that is not at all involved in this case.[17]

---

8. —— U.S. ——, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

9. *Id.* at ——, 106 S.Ct. at 2585 n. 4 (changes in original).

10. *See Billiot v. Maggio,* 694 F.2d 98 (5th Cir. 1982); *Morgan v. Estelle,* 588 F.2d 934 (5th Cir.1979); *Jordan v. Estelle,* 551 F.2d 612 (5th Cir.), *cert. denied,* 434 U.S. 957, 98 S.Ct. 485, 54 L.Ed.2d 316 (1977); *Cole v. Estelle,* 548 F.2d 1164 (5th Cir.1977); *O'Berry,* 546 F.2d 1204; *Flood v. Louisiana,* 545 F.2d 460 (5th Cir.1977).

11. U.S. Const. art. III, § 2.

12. *Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 99–100, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1979).

13. 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943).

14. 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965).

15. *Id.* at 481, 85 S.Ct. at 1679 (citation omitted).

16. 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972). *See also* E. Barrett & W. Cohen, Constitutional Law, Cases and Materials 117 (6th ed. 1981).

17. 405 U.S. at 443 n. 4, 92 S.Ct. at 1033 n. 4.

Even if, however, *Tileston* was not decided on constitutional grounds, it does not appear that the Supreme Court in that case raised the standing question on its own initiative. *Tileston,* therefore, cannot support the argument that we can *sua sponte* raise *Stone* or other defensive issues that do not hinge on constitutional questions.

If a petitioner pleads that he has not had a full and fair hearing in state court, and the state fails to demur, there is no reason even for a trial court to go further, and the trial court properly did not do so in this case. As the original opinion noted, Davis asserted in the district court that his petition was not barred by *Stone,* and the State did not even counter his pleadings. In his "Traverse to State's Answer" filed in the district court, Davis cited *Stone v. Powell* and stated:

> [T]he United States Supreme Court [in *Stone*] held: " ... where the State has provided an opportunity for full and fair litigation of a Fourth Amendment Claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief...."
>
> Nonetheless, petitioner argues that *Stone v. Powell, supra,* does not bar federal habeas corpus relief in the case *sub judice,* because the trial court's judgment denying the motion to suppress is not supported by the records, even after embracing the entire state court records. See, 28 U.S.C. § 2254(d)(8).

Davis' pleading might have been better phrased, but he is, after all, a *pro se* litigant, entitled to have his pleadings read with reasonable tolerance. Under Hab. Corp.R. 5,[18] as well as Fed.R.Civ.P. 8(d), this pleading requires an answer, which, if not made, constitutes an admission of the petitioner's claim. The only exception to this rule is when the frivolousness of a habeas corpus claim is so clear that the district court should dismiss it without requiring an answer.[19] My colleagues do not suggest that Davis' habeas corpus petition is so clearly frivolous as to warrant application of this exception. The state's failure to respond to Davis' allegation, therefore, should be deemed an admission that the state courts did not afford Davis an opportunity for full and fair litigation.

Comity to state courts does not require us to act as the State's advocate. A federal appellate court ought not *sua sponte* supply a motion to dismiss for failure either of pleading or proof, then decide that the motion that the court itself supplied has merit, only in order, as our original opinion puts it, to "affirm for a different reason." I therefore respectfully dissent from the failure of the majority to grant the petition for rehearing and to rule on the merits of the issues properly before us.

---

**18.** 28 U.S.C. foll. § 2254 (1986).

**19.** 28 U.S.C. foll. § 2254, Rule 4 & Advisory Committee Note (1986).