IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40450
Summary Calendar
_____


ALMA SHERMAN,

                                    Petitioner-Appellant,

versus

TDC DIRECTOR, Texas Department
of Criminal Justice,

                                    Respondent-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:94-CV-704
- - - - - - - - - -
January 8, 1996
Before WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Texas prisoner Alma Sherman appeals the dismissal of her petition for federal habeas corpus relief.  Sherman contends that police failed to administer *Miranda* warnings to her and violated the Fourth Amendment by conducting a warrantless search; that her state-court indictment was defective; that her bail conditions were excessive; that she received ineffective assistance of counsel at trial and on appeal; that the prosecutor engaged in reversible misconduct; that the evidence was insufficient to

---

     [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

support her conviction; that her sentence violated equal protection; and that the state-court judge responded erroneously to a jury inquiry at sentencing. Additionally, Sherman moves for reduction of her sentence pursuant to FED. R. CRIM. P. 35(b), for default judgment against the respondent, and for appointment of counsel to represent her on appeal.

Sherman raised her contentions regarding *Miranda*, the Fourth Amendment, her indictment, and her bail conditions in her response to the respondent's answer in the district court; the district court did not consider those contentions. We find no reversible error on those contentions, however. First, Sherman does not allege that she made any inculpatory statements before she actually received her *Miranda* warnings, requiring exclusion of any evidence. *See United States v. Bengivenga*, 845 F.2d 593, 600 (5th Cir.)(en banc), *cert. denied*, 488 U.S. 924 (1988). Second, Sherman has not shown that she lacked a full and fair opportunity to litigate her Fourth Amendment contention in state court. *Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986). Third, the Texas Court of Criminal Appeals implicitly held that the state trial court had jurisdiction and that the indictment was sufficient, precluding this court from examining the sufficiency of Sherman's indictment. *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993); *Alexander v. McCotter*, 775 F.2d 595, 598-99 & n.1 (5th Cir. 1985). Fourth, Sherman's excessive bail contention was mooted by her conviction. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982).

Sherman has failed to brief several of her ineffective-

assistance contentions for appeal and has abandoned those contentions. *See Grant v. Cuellar*, 59 F.3d 523, 525 (5th Cir. 1995). Sherman raises two other ineffective-assistance contentions for the first time on appeal. Resolution of those contentions would require us to make factual determinations; we will not make such determinations. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). We have examined the remainder of Sherman's ineffective-assistance contentions on their merits and hold that Sherman did not receive ineffective assistance of counsel at trial or on appeal from any of the three attorneys who were appointed to represent her.

The prosecutor's remarks at trial did not violate Sherman's right to a fair trial. Sherman was charged with a drug offense; the prosecutor could indicate to the jury that he wished the jury to infer that Sherman was a drug dealer. *Foy v. Donnelly*, 959 F.2d 1307, 1317-18 (5th Cir. 1992). Additionally, no manifest injustice will result because we decline to consider Sherman's contention raised for the first time on appeal that the prosecutor violated her right to a fair trial by referring to the prosecution's failure to present evidence of any criminal record; defense counsel opened the door to the prosecutor's remark. *Varnado*, 920 F.2d at 321.

The evidence was sufficient to support Sherman's conviction. White testified that Sherman sold him crack cocaine. White's testimony was corroborated by Hall. *See Young v. Guste*, 849 F.2d 970, 972 (5th Cir. 1988).

Sherman has not shown that her sentence violated the Equal

Protection Clause.  Disparate impact alone is insufficient to show a violation of equal protection.  *United States v. Galloway*, 951 F.2d 64, 65 (5th Cir. 1992).  Sherman's allegation that the disparate sentenced in various drug cases were based on racial animus is conclusional and is insufficient to raise a constitutional issue.  *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

The state-court judge properly instructed the jury about sentencing options for Sherman.  The state court need not have responded to the jury's request to clarify the difference between life imprisonment and 99 years' imprisonment.

Regarding Sherman's motions, the Federal Rules of Criminal Procedure are inapplicable to habeas corpus cases.  Sherman's motion for a reduction of her sentence is DENIED.  Additionally, her motion for a default judgment against the respondent is DENIED.  Finally, the interests of justice do not require appointment of counsel for Sherman.  *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985).  Her motion for appointment of counsel is DENIED.

AFFIRMED.