

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-29-2005

# Govt of VI v. Ledesma

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4116

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Govt of VI v. Ledesma" (2005). *2005 Decisions.* Paper 35.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/35

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4116
_____

GOVERNMENT OF THE VIRGIN ISLANDS

v.

MICHAEL LEDESMA,

Appellant
_____

APPEAL FROM THE DISTRICT COURT OF THE VIRGIN ISLANDS
(D.C. No. 03-cr-00012)
Chief Judge: The Honorable Raymond L. Finch
District Judge: The Honorable Thomas K. Moore
Territorial Judge: The Honorable Leon A. Kendall
_____

ARGUED DECEMBER 6, 2005

BEFORE: SCIRICA, Chief Judge, McKee and Nygaard, Circuit Judges.

(Filed December 29, 2005)
_____

G. Luz A. James, Esq. (Argued)
P. O. Box 224469
Christiansted, St. Croix, USVI 00822
        Counsel for Appellant


Maureen Phelan, Esq. (Argued)
Office of Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
Charlotte Amalie, St. Thomas, USVI 00802
        Counsel for Appellee

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Following a jury trial, Appellant Ledesma was convicted of first degree murder and the unauthorized possession of a firearm during the commission of a crime of violence. He was sentenced to life without parole on the murder conviction and five years on the weapons conviction, each sentence to be served consecutively.

Ledesma filed a motion for a new trial based on some "startling information" regarding prisoner Kenneth Brown. The motion was summarily denied by the trial judge because it did not specify the nature of the new information discovered and therefore provided no basis for a new trial. The Appellate Division of the District Court of the Virgin Islands affirmed Ledesma's conviction and sentence on all counts. Ledesma raises three issues on appeal. We too will affirm.

First, Ledesma challenges the jury's determination that Normalis Ascensio's testimony was credible. Credibility findings are reviewed for clear error and will not be disturbed on appeal unless they are "inherently incredible." *Petillo v. New Jersey*, 562 F.2d 903, 907 (3d Cir. 1977). Ascensio did not come forward as a witness for nineteen months. She admitted this, and it was brought out several times at trial by Ledesma's counsel. She testified that she feared reprisal because she lived with her

2

young daughters in a violent neighborhood next to the home where Ledesma occasionally socialized with his friends.

Ledesma alleges that Ascensio's testimony was motivated by a desire to protect and get favorable treatment for Brown, her live-in boyfriend and father of her children. However, there is no support in the record. The Government stated that there was no promise of immunity or favorable treatment for Brown in his drug case in exchange for Ascensio's testimony. With full knowledge of the delay and her articulated reasons for it, the jury chose to credit her testimony. We will defer to the jury.

Second, Ledesma challenges the trial court's jury instruction on the first degree murder charge. We review jury instructions for plain error. *United States v. Olano*, 507 U.S. 725, 732 (1993). Ledesma contests the given instruction by claiming that the jury was told that an essential element of first degree murder was that the defendant had "an intent to kill or to inflict serious bodily harm." However, nowhere in the instruction is the phrase "serious bodily harm" used.

Third, Ledesma alleges that the trial judge abused his discretion by denying his motion for a new trial. We review the denial of a motion for a new trial for abuse of discretion. A new trial will be granted only (1) where evidence was discovered after trial; (2) the failure to discover the evidence during trial was not due to the defendant's lack of diligence; (3) the evidence is material to the issues; (4) the evidence is not merely cumulative or impeaching; and (5) a new trial with the newly discovered evidence would likely result in a different verdict. *United States v. Barbosa*, 271 F.3d 438, 467 (3d Cir.

2001).  The defendant must prove all five factors.  *United States v. Jasin*, 280 F.3d 355, 364 (3d Cir. 2002).

Ledesma's motion for a new trial simply contains conclusory assertions of "startling information" which he alleges is material so that it would "probably" produce a different verdict in a new trial.  However, Ledesma could have requested a continuance and uncovered all of the information relating to Brown given that his drug plea was entered five months before Ledesma's trial began. Second, the information was not material, only impeaching.  Ascensio was thoroughly cross-examined and substantial physical evidence implicated Ledesma in Mills' murder.  The trial judge did not abuse his discretion by denying Ledesma's motion for a new trial.

For the foregoing reasons, the order of the Appellate Division of the District Court of the Virgin Islands will be affirmed.