United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 21, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

―――――――――

No. 02-40056

―――――――――

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROHN MARTIN ISHMAEL,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas

Before EMILIO M. GARZA and DENNIS, Circuit Judges, and HEAD[*], District Judge.

EMILIO M. GARZA, Circuit Judge:

Federal prisoner Rohn Martin Ishmael appeals the district court's denial of his 28 U.S.C. § 2255 petition for habeas relief. The district court granted a certificate of appealability on whether law enforcement officers violated Ishmael's Fourth Amendment rights by employing, without a warrant, thermal imaging devices to detect heat emanating from a hydroponic laboratory located in

―――――――――――――――――――

[*] District Judge of the Southern District of Texas, sitting by designation.

a commercial building on Ishmael's property.

Ishmael originally raised his Fourth Amendment challenge in a pre-trial motion to suppress. Following our rejection of this claim on interlocutory appeal in *United States v. Ishmael*, 48 F.3d 850 (5th Cir. 1995), Ishmael entered a plea of guilty but "reserve[d] the right" in the plea agreement to bring a collateral challenge in the event the use of thermal imaging technology was subsequently declared unconstitutional. The instant petition is based on the Supreme Court's decision in *Kyllo v. United States*, 533 U.S. 27, 40 (2001), which held that the warrantless use of thermal imaging technology to measure heat emanating from a home constituted a presumptively unreasonable search.

We do not reach the merits of Ishmael's § 2255 petition because we hold that he had a full and fair opportunity to litigate his Fourth Amendment claim in pre-trial proceedings and on direct appeal. Accordingly, collateral review of that claim is barred by *Stone v. Powell*, 428 U.S. 465 (1976). *See United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993) ("[I]t is clear that the [Supreme] Court intends for Fourth Amendment claims to be limited in § 2255 proceedings as they are limited in § 2254 proceedings) ) *i.e.*, to be addressed only if a defendant has not had a full and fair opportunity to raise the claims at trial and on direct appeal."); *Tisnado v. United States*, 547 F.2d 452, 456 (9th Cir. 1976) (same). Although we express no view regarding the effect of *Kyllo* on our previous disposition of Ishmael's Fourth Amendment claim, a change in the law does not, by itself, render prior proceedings any less "full and fair" for purposes of *Stone*. *See Gilmore v. Marks*, 799 F.2d 51, 57 (3d Cir. 1986) ("The Courts of Appeals . . . have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar.").

Ishmael's Fourth Amendment claim is also barred by *Teague v. Lane*, 489 U.S. 288 (1989),

because the new constitutional rule of criminal procedure established in *Kyllo* does not apply retroactively to Ishmael's conviction, which was final at the time *Kyllo* was decided. Neither of the exceptions to *Teague*'s non-retroactivity rule applies here. *Id.* at 311-14.

Contrary to Ishmael's contention, nothing in his plea agreement prohibits the Government from opposing his habeas petition based on *Stone* or *Teague*. Moreover, although the Government failed to raise the procedural bars of *Stone* and *Teague* in the district court, we are not precluded from applying those bars on appeal. *See Davis v. Blackburn*, 803 F.2d 1371, 1372-73 (5th Cir. 1986) ("Where the record clearly shows that a petitioner had a full and fair hearing in state court, we hold that a federal court is not foreclosed from *sua sponte* applying the principle of *Stone*."); *see also Jackson v. Johnson*, 217 F.3d 360, 361 (5th Cir. 2000) ("[A]bsent compelling reasons to the contrary, a federal court should apply *Teague* even when it has been implicitly waived by the State.").

For the foregoing reasons, the district court's denial of Ishmael's § 2255 petition is AFFIRMED.