# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-51196
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN L. GARCIA, also known as Juan Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-843
USDC No. 5:10-CR-708-2

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

A jury found Juan L. Garcia, federal prisoner # 64893-280, guilty of conspiring to possess intending to distribute heroin, possessing heroin intending to distribute it, and possessing a firearm in furtherance of a drug trafficking crime, and he ultimately received a total prison sentence of 181 months. In his 28 U.S.C. § 2255 motion attacking that conviction and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence, Garcia argued, among other things, that in light of the Supreme Court's holding in *Riley v. California*, 134 S. Ct. 2473 (2014), which was decided after Garcia's conviction became final, the warrantless search of his cell phone violated the Fourth Amendment.  The district court denied relief, but observing that we have not yet determined whether *Riley* applies retroactively to cases on collateral review, it granted Garcia a certificate of appealability on the issue whether he "has been denied his constitutional right to be free from unreasonable searches pursuant to the Fourth Amendment."

We review the district court's factual findings for clear error and its conclusions of law de novo.  *United States v. Redd*, 562 F.3d 309, 311 (5th Cir. 2009).  We may affirm the denial of § 2255 relief on any basis supported by the record.  *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000); *Aeby v. United States*, 409 F.2d 1, 2 (5th Cir. 1969).  Because Garcia "had a full and fair opportunity to litigate his Fourth Amendment claim in pre-trial proceedings and on direct appeal," *Stone v. Powell*, 428 U.S. 465, 494-95 and n.37 (1976), bars collateral review of that claim.  *United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003).  Any relevant change in the law brought about by *Riley* is of no moment because "a change in the law does not, by itself, render proceedings any less 'full and fair' for purposes of *Stone*."  *Id*.

AFFIRMED.