# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-50661
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

REYNALDO SALINAS,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CV-95

———————————————————

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

A jury convicted Reynaldo Salinas of attempted coercion and enticement of a minor and attempted transfer of obscene material to a minor. After the denial of relief under 28 U.S.C. § 2255, Salinas filed a motion pursuant to Federal Rule of Civil Procedure 60(b) arguing that the United States Air Force Office of Special Investigations violated his Fourth

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50661

Amendment rights by using a civilian phone application to investigate and enforce a civilian law against a civilian in violation of the Posse Comitatus Act. The district court found that the claim was procedurally barred.

We review the denial of a Rule 60(b) motion for abuse of discretion. *Clark v. Davis*, 850 F.3d 770, 778 (5th Cir. 2017). We may affirm on any basis supported by the record. *United States v. Jackson*, 27 F.4th 1088, 1091 (5th Cir. 2022). Because Salinas "had a full and fair opportunity to litigate his Fourth Amendment claim in pre-trial proceedings and on direct appeal," *Stone v. Powell*, 428 U.S. 465, 494-95 (1976) bars collateral review of that claim. *United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003); *see Davis v. Blackburn*, 803 F.2d 1371, 1373-74 (5th Cir. 1986) (opinion on rehearing).

AFFIRMED.